Keating, J.
Elizabeth Barchet commenced an action against the New York City Transit Authority on March 22, 1965 to recover for injuries .sustained on December 23, 1963, as a result of the alleged negligent operation of its rapid transit lines.
Since the action was brought after the one year provided for the commencement of such actions under section 1212 of the Public Authorities Law, the defendant moved for a dismissal of the suit. This relief, denied by Special Term, was granted by a divided Appellate Division.
The reason for this conflict and division in the courts below on what ostensibly appears to be a rather simple question is the condition precedent, peculiar to actions against municipal corporations and public authorities. Section 50-e of the General Municipal Law requires that a notice of claim must be filed within 90 days after the claim arises. Failure to file such a notice within the 90-day period operates to bar any action against the public body or officer.
Subdivision 5 of section 50-e provides, however, that where, for specified reasons, a person, having a claim against a public body or officer, has not filed a claim within the 90-day period, the court, in its discretion, may grant leave to serve a late notice of claim within a reasonable time after the expiration of the 90-day period and within one year after the happening of the event upon which the claim is based.
The accident occurred on December 23, 1963. On December 18, 1964, almost one year later, the plaintiff sought leave of the court to .serve a late notice of claim by a motion made returnable on January 18, 1965. The motion was submitted on January 22, 1965. On February 15, 1965 an order granting the plaintiff leave to file a late notice of claim was signed. By its terms the plaintiff had ten days in which to file the late notice of claim, the time to run from February 19, 1965, the date on which the order appeared in the New York Law Journal. The notice was filed four days later on February 23, 1965. The action was commenced on March 22, 1965. *5 The Transit Authority asserted the Statute of Limitations as a defense to the action. The plaintiff moved to dismiss the defense. The motion was granted by Special Term. The order of Special Term was reversed and the complaint was dismissed by the Appellate Division (First Department).
The action here can only be deemed to have been timely commenced if we find that the Statute of Limitations was tolled for some period during the one-year period and that the notice of claim was served within the required period, once the statute started to run again.
The argument advanced by the appellant is that the Statute of Limitations was tolled during the period in which the plaintiff was required to obtain leave of the court to bring her action. She relies upon CPLB 204 (subd. [a]). That section provides: 11 Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.”
The Authority urges that there is here no statutory provision which prevented the plaintiff from commencing her action within the time prescribed by law. The only statutory prohibition the Authority recognizes as having any effect is that which requires the plaintiff to allege in the complaint that 30 days have elapsed since “ the demand, claim or claims upon which such action is founded were presented to * * * the authority ”. (Public Authorities Law, § 1212.)* The Authority concedes and it has been held that the effect of such a statute is to extend the general period of limitation by an additional 30 days (Amex Asphalt Corp. v. City of New York, 263 App. Div. 968, affd. 288 N. Y. 721). Although the delay occasioned by the necessity for obtaining leave of the court to file a late notice of claim is similar to the delay occasioned by compliance with section 1212 of the Public Authorities Law, the Authority argues that OPLB 204 (subd. [a]) has no effect. With this contention we do not agree.
*6 We hold that the statute was tolled from the time the plaintiff commenced the proceeding to obtain leave of the court to file a late notice of claim until the order of Special Term granting that relief appeared in the New York Law Journal, the date upon which it was to take effect.
The statutory requirement for service of a notice of claim within 90 days after the occurrence of the event for which recovery is sought is clearly not a statutory prohibition. It is a condition precedent to the commencement of the action in the same way as is the service of a summons. The plaintiff has complete control over the acts necessary to effectuate compliance with the statutory mandate. All the plaintiff needs do is make out the proper paper and serve it.
The plaintiff here did not, and, for our purposes we may conclusively presume, could not comply with this requirement for reasons which the law recognizes as valid.
In order to file a notice of claim under those circumstances, the plaintiff was required to demonstrate to the satisfaction of the court that she was in fact under a disability. In other words, though entitled to commence the action, her right to do so was no longer solely within her control but was dependent upon obtaining leave of the court. She was, in effect, prohibited from commencing the action until that consent was obtained. Indeed, the statute provides that the application for leave of the court “ shall be made prior to the commencement of an action”. This requirement is quite similar to that which requires the plaintiff to allege that 30 days have elapsed since the notice of claim was served. In neither case do the statutes specifically proscribe the prosecution of the action but in both cases they prescribe procedures which have the same effect.
We do not agree with the plaintiff’s contention that the statute was tolled from the moment the 90th day passed without the filing of the notice of claim. We must presume, since leave to file a late notice was granted, that what prevented both the filing of the notice and the commencement of the action was the plaintiff’s disability. Once she was no longer under that disability and was prepared to commence legal proceedings, then it was the necessity for obtaining leave of the court to file a late notice of claim which prevented the commencement of the action. There is every reason to assume that, but for the neces *7 sity of obtaining leave, a summons and complaint would have been served instead of a notice of motion to bring on the special proceeding.
From the date when she commenced the proceeding for leave to file a late notice of claim, December 18, 1964, until the order granting the relief requested appeared in the New York Law Journal (Feb. 19, 1965, p. 16, col. 3) the plaintiff was prohibited from commencing her action and, by virtue of the provisions of CPLR 204 (subd. [a]), the Statute of Limitations was tolled for that period.
Any other result would not only be contrary to the policy and language of the statute but would have the effect of limiting the one-year period permitted to obtain leave of the court. Under such a construction, a plaintiff, prevented by a legally recognized disability from filing her notice of claim, would not have the one year provided for in the statute to obtain leave of the court, but rather that period less the time necessary to obtain a judicial determination of that right.
The case of Christian v. Village of Herkimer (5 A D 2d 62, affd. 5 N Y 2d 818 [1958]), upon which the Authority and the Appellate Division rely, does not require us to sustain the Authority’s defense in the present action. In that case the plaintiff was injured on November 29, 1954 and was granted leave to file a late notice of claim within the period in which the action could have been commenced. A notice of claim was then filed. The village appealed from the order granting leave to file a notice of claim and that appeal was not determined until after the Statute of Limitations had expired. The plaintiff then commenced his action. In response to the defense of the Statute of Limitations he argued that the cause of action should have been deemed to have accrued at the time of the filing of the notice of claim and not the date of the accident. That argument was properly rejected and is not urged here. This case involves a question not present in the Christian case.
For the reasons enumerated above, we find that the Statute of Limitations was tolled and that the action was timely brought. On December 18, 1964, when the proceeding to file a late notice of claim was commenced, there remained five days in which to commence the action. The order of Special Term granting leave to file a late notice of claim took effect on February 19, *8 1965. The Statute of Limitations then commenced to run again. The notice was filed on February 23, 1965 within the five-day period remaining. Once the notice was filed, the plaintiff was entitled to an additional 30 days in which to commence the action. The action was timely commenced on March 22,1965.
The order of the Appellate Division should be reversed, with costs, and the order of Special Term reinstated.

 It is not clear that the “ demand, claim or claims ” referred to in section 1212 of the Public Authorities Law is the same as the notice referred to in section 50-e of the General Municipal Law. In the ease at bar, as noted, no notice of claim was served under section 50-e within the calendar year after the accident. And it does not appear that any other demand or claim was served.