OPINION OF THE COURT
Wachtler, J.
The common question on these two appeals is whether the Statute of Limitations for municipal tort liability is tolled when the plaintiff applies for permission to file a late notice of claim. In each case Special Term held the statute was tolled, and denied a motion to dismiss, relying on our decision in Barchet v New York City Tr. Auth. (20 NY2d 1). *70 However, in each instance the Appellate Division, Second Department, reversed and dismissed the complaint holding that the Barchet decision was no longer applicable in light of a 1976 amendment to section 50-e of the General Municipal Law.
The Giblin Case
On November 16, 1980 the plaintiff, Martin Giblin, was treated at the Nassau Medical Center for an injury to his left wrist and forearm. On August 13, 1981 he applied for permission to file a late notice of claim against the county and the Medical Center. In support of the motion he alleged that the county had treated his injury as a sprain, but in June of 1981 he discovered that he had in fact suffered a fracture. On September 15,1981 the motion was granted, and a few days later the notice of claim was filed. The summons and complaint, however, were not served until March 4, 1982.
The defendants moved to dismiss on the ground the action had not been commenced within one year and 90 days as required by section 50-i of the General Municipal Law., The Supreme Court, Nassau County, denied the motion stating: “The statute of limitations is tolled during the pendency of an application for leave to file a late notice of claim (Barchet v New York City Tr. Auth., 20 NY2d 1; Colantuono v Valley School District, 90 Misc 2d 918).”
The Appellate Division, Second Department, unanimously reversed and dismissed the complaint. The court recognized that CPLR 204 (subd [a]) tolls the running of the Statute of Limitations whenever there is a . stay or statutory prohibition to suit, and that in the Barchet decision this statute was held to apply when an application to file a late notice of claim is pending. The court also noted that the Barchet decision was based on a statutory scheme which precluded or stayed a party from commencing an action until the notice of claim had been filed, but concluded that this decision “no longer applies” because a 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law permits the plaintiff to make the application to file a late notice after the commencement of the action (L1976, ch 745, § 2). In support of this result, the *71 court cited Corey v County of Rensselaer (88 AD2d 1104, mot for lv to app den 57 NY2d 602).
Plaintiff has appealed as of right on the basis of the reversal.
The Davis Case
On May 17, 1980 plaintiff, Glen Davis, allegedly was seriously injured when he fell between two moving subway cars. On December 29, 1980 he applied for leave to file a late notice of claim upon the New York City Transit Authority. On March 25,1981 the motion was granted, and plaintiff’s proposed notice of claim was deemed served. Plaintiff, however, did not commence the action by serving the summons and complaint until October 1, 1981.
The defendant moved to dismiss claiming that the plaintiff had not commenced the action within one year and 120 days as required by the applicable statute (Public Authorities Law, § 1212; see, also, Serravillo v New York City Tr. Auth., 51 AD2d 1027, affd on mem below 42 NY2d 918). The defendant, therefore, contended that the Statute of Limitations had expired on September 14, 1981, approximately two weeks prior to commencement of the action. Plaintiff cross-moved to strike the affirmative defense, claiming that the Statute of Limitations was tolled from December 29, 1980 to March 25, 1981, while the application to file a late notice of claim was pending.
The Supreme Court, Kings County, denied the motion to dismiss, and granted the cross motion relying on Barchet.
The Appellate Division, Second Department, reversed, finding its prior decision in Giblin to be dispositive. Justice O’Connor concurred on constraint of Giblin but urged that the history of the 1976 amendment showed no legislative intent to abolish the Barchet rule. He also argued that the amendment did not alter the basic requirement that a notice of claim is a condition precedent to suit; that a party is still stayed or precluded from commencing an action until the notice is filed, and that the Statute of Limitations should therefore continue to be tolled (pursuant to CPLR 204, subd [a]) while an application to file a late notice of claim is pending.
*72 This plaintiff has also appealed as of right on the basis of the reversal.
Analysis
In the Barchet case the plaintiff had failed to give the 90-day notice of claim required by the statute, but applied for permission to file a late notice before the expiration of the Statute of Limitations. The motion was granted, after the statutory period had run. At that point the notice of claim and complaint were served on the defendant. In opposition to the defendant’s motion to dismiss, the plaintiff claimed she was barred by statute from commencing the action until the court granted permission to file a late notice of claim and the running of the statute should therefore be tolled pursuant to CPLR 204 (subd [a]). That statute states: “Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.”
We held that the Statute of Limitations was tolled from the time the plaintiff commenced the proceeding to obtain leave to file a late notice of claim until the order granting that relief went into effect. We noted (at p 6) that once the application was made, her right to commence the action “was no longer solely within her control but was dependent upon obtaining leave of the court. She was, in effect, prohibited from commencing the action until that consent was obtained. Indeed, the statute provides that the application for leave of the court ‘shall be made prior to the commencement of an action’ [General Municipal Law, § 50-e, former subd 5]. This requirement is quite similar to that which requires the plaintiff to allege that 30 days have elapsed since the notice of claim was served [Public Authorities Law, § 1212]. In neither case do the statutes specifically proscribe the prosecution of the action but in both cases they prescribe procedures which have the same effect.”
The 1976 amendment, relied on by the Appellate Division, only changed one of those statutes in one respect. The Legislature revised subdivision 5 of section 50-e of the General Municipal Law by deleting the requirement that *73 the application to file a late notice “shall be made prior to the commencement of an action”, and added the following sentence at the end of the subdivision: “An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation”.
No alteration was made in the other statute cited in the Barchet decision, section 1212 of the Public Authorities Law, which still requires that the complaint allege that more than 30 days have elapsed since service of the notice of claim. (This statute is applicable in the Davis case which, like the Barchet case, involves a suit against the New York City Transit Authority.) Neither did the Legislature amend the comparable provision found in subdivision 1 of section 50-i of the General Municipal Law which in suits against a county, as in the Giblin case, provides that “[n]o action or special proceeding shall be prosecuted or maintained against a * * * county * * * for personal injury * * * unless, (a) a notice of claim shall have been made and served upon the * * * county * * * in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such , notice and that adjustment or payment thereof has been neglected or refused”.
The 1976 amendment illustrates that the Legislature was aware of the fact that complaints were sometimes served before the notice of claim, and that the lawmakers were inclined to grant some relief to the plaintiff under those circumstances. However, on its face the amendment does not, as the Appellate Division concluded, expressly authorize the practice or completely eliminate the problems encountered by a plaintiff who has filed a premature complaint, so as to also dispense with the need for the Barchet rule.
By its terms, the 1976 amendment simply eliminates the obstacle which prevented a plaintiff from applying for leave to file a late notice of claim once he had commenced the action. It does not go further and dispense with the requirement that the complaint allege that the notice has been served and that more than 30 days have elapsed since *74 the service. Thus, under the current statutes, service of the notice and allegation or proof to this effect are still conditions precedent to suit. Although, as noted in Barchet, these requirements do not “specifically proscribe the prosecution of the action * * * they prescribe procedures which have the same effect” (20 NY2d, at p 6). In short, the 1976 amendment removed the statutory obstacle to the granting of a motion to serve a late notice of claim, but did not remove the statutory impediments to suit which still prevent a plaintiff from properly commencing the action until permission to file a late notice of claim is granted by the court. Because the statutory prohibition to commencing the action was not altered by the 1976 amendment, the rationale of the Barchet decision still applies and CPLR 204 (subd. [a]) should serve to toll the running of the Statute of Limitations while a motion to file a late notice of claim is pending.
Because the statute is clear on its face it is probably unnecessary to consider the legislative history of the amendment (compare Matter of Barton v Lavine, 38 NY2d 785, with New York State Bankers Assn. v Albright, 38 NY2d 430,436-437). It is interesting to note, however, that this history supports the conclusion that the amendment was not intended to abolish the Barchet rule, but was simply designed to have the limited effect indicated above.
The amendment was proposed in the Twenty-First Annual Report of the Judicial Conference. In its report, the Judicial Conference noted that the harshness of the law then current was relieved to some extent by the provisions which authorized a court to permit a late filing of the notice of claim (Twenty-First Ann Report of NY Judicial Conference, 1976, p 286). Citing the Barchet case, the report (at p 303) also observed that “the statute of limitations is tolled under the provisions of CPLR 204(a) during the pendency of a proceeding to obtain leave to file a late notice”. The report, however, criticized the additional requirement that the plaintiff make the application prior to the commencement of the action to enforce the claim. The relevant portion of the report, authored by Professor Paul S. Graziano, states (at p 401): “It can lead to unfair results. Assume that timely service of a notice of claim under section 50-e is a condition precedent to the commencement *75 of an action to enforce the claim and that plaintiff has commenced an action but served an untimely or no notice. Dismissal of that action upon motion of the defendant seems to afford a sufficient remedy for the noncompliance. If, however, plaintiff realizes his mistake, why should he not be permitted immediately to apply for leave to serve a late notice if a basis for so doing is available? Compelling him to discontinue the pending action, with the attending delay, can exacerbate an already precarious situation”.
The report concludes (at p 403) that the purpose of proposed amendment “is to give a claimant the opportunity immediately to correct his nonperformance of the condition precedent if he possibly can. Nonperformance may result in dismissal of the pending action, but its pendency will not be a ground for denying an application for leave to serve a late notice”.
-There is, therefore, no basis for the conclusion reached in the case relied upon by the Appellate Division (Corey v County of Rensselaer, 88 AD2d 1104, 1105, supra) that “The requirement of section 50-i (subd 1, par [b]) of the General Municipal Law that the complaint must allege that 30 days have elapsed since service of the notice of claim * * * is modified by subdivision 5 of section 50-e of the General Municipal Law (as amd by L 1976, ch 745, § 2) which provides that ‘An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action’ ”. In the Corey decision the Appellate Division also observed that “plaintiff could have timely commenced the action by service of a summons with notice either before or at the time she applied for leave to serve a late notice of claim”. The court recognized that the plaintiff could not also allege compliance with the prior notice statute but suggested that she could surmount this obstacle by later including the statement in her complaint.
These options, of course, are only available in the sense that a party may always commence an action despite a statutory bar. The Barchet decision, however, assumes that the plaintiff will respect, or at least not intentionally disregard, the statutory prohibition in which case he is entitled to the benefit of the tolling provisions of CPLR 204 *76 (subd [a]). This was not noted in the Corey memorandum, which in.fact made no reference to the Barchet decision.*
Accordingly, in each case the order of the Appellate Division should be reversed and the order of the Supreme Court reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Meyer and Kaye concur; Judge Simons taking no part.
In Giblin v Nassau County Med. Center: On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the order of Supreme Court, Nassau County, reinstated.
In Davis v New York City Tr. Auth.: On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the order of Supreme Court, Kings County, reinstated.

 Although we denied leave to appeal in Corey v County of Rensselaer (57 NY2d 602), that is “not equivalent to an affirmance and has no precedential value” (Panico v Young, 46 NY2d 847; Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284, 297-298 [Cardozo, Ch. J.]).