OPINION OF THE COURT
Alan LeVine, J.
This is a motion by plaintiff for an order extending plaintiff’s time to serve a summons and complaint beyond the one-year and 90-day Statute of Limitations period set forth in General Municipal Law § 50-i and Education Law § 3813 (2).
The defendant City of New York and Board of Education oppose the application and cross-move to dismiss the action on the ground that it is time barred.
The action is one for personal injuries allegedly sustained by plaintiff while playing baseball at a school playground on June 25, 1983.
On September 16, 1983, plaintiff served a notice of claim on the City of New York and Board of Education which included an allegation as to the location of the accident.
On April 6, 1984, plaintiff made a motion, unopposed by the defendants, to amend the notice of claim to correct the stated location of the accident.
*273 By order dated May 1, 1984 the motion to amend the notice of claim was granted and an amended notice of claim was served on June 15, 1984. The action was commenced by service of a summons and complaint on October 10, 1984. Issue was joined on October 29, 1984 by service of the city’s and Board’s answer asserting the affirmative defense of the Statute of Limitations.
It is undisputed that plaintiff commenced his action more than one year and 90 days after the alleged occurrence.
The court is presented with a question of first impression— whether the Statute of Limitations is tolled during the time a plaintiff moves to file an amended notice of claim under General Municipal Law § 50-e (6).
It has previously been held that CPLR 204 (a) tolls the Statute of Limitations during the time a plaintiff moves to file a late notice of claim under General Municipal Law § 50-e (5). (Giblin v Nassau County Med. Center, 61 NY2d 67 [1984]; Barchet v New York City Tr. Auth., 20 NY2d 1 [1967].)
This court holds that the toll recognized in Giblin (supra) may not be extended and applied to the period during which a claimant makes a motion to amend his notice of claim.
The defendants have correctly distinguished the circumstances of the instant action from the situation presented in Giblin (supra).
The Giblin court reiterated its prior holding in Barchet (supra), that the Statute of Limitations is tolled from the time plaintiff commences a proceeding to obtain leave to file a late notice of claim until the order granting that relief goes into effect.
Once the application is made, the right to commence the action is no longer solely within the plaintiff’s control but is dependent upon obtaining leave of the court. The Giblin court noted that the 1976 amendment to General Municipal Law § 50-e (5), which deleted the requirement that the application to file a late notice "shall be made prior to the commencement of an action” and added the provision that "An application for leave to [file] a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation” (L 1976, ch 745, §2), eliminated the obstacle which prevented a plaintiff from applying for leave to file a late notice of claim once he had commenced the action, but did not dispense with the requirement that the complaint *274 allege that the notice has been served and that more than 30 days have elapsed since the service.
"Thus, under the current statutes, service of the notice and allegation or proof to this effect are still conditions precedent to suit. Although, as noted in Barchet [supra], these requirements do not 'specifically proscribe the prosecution of the action * * * they prescribe procedures which have the same effect’ (20 NY2d, at p 6)” (Giblin v Nassau County Med. Center, supra, at p 74).
In the case at bar, once plaintiff had timely filed his notice of claim on September 16, 1983 and after the expiration of 30 days, there was no stay or statutory prohibition to suit contained in General Municipal Law § 50-e, which would have prevented him from commencing his action within the applicable limitations period and permitted him to rely on the tolling provisions of CPLR 204 (a).
General Municipal Law § 50-e (6) permits an application to the court to correct, supply or disregard a mistake, omission, irregularity or defect in the notice of claim "[a]t any time after the service of a notice of claim and at any stage of an action or special proceeding”.
Clearly, the rationale of the Giblin decision is inapplicable in the instant action and CPLR 204 (a) does not operate to toll the running of the Statute of Limitations herein.
The court further notes that plaintiff did not commence his action until approximately five months after serving the amended notice of claim. It was still within plaintiff’s control to commence his action after the motion to amend the notice of claim was granted but before the expiration of the Statute of Limitations. Plaintiff has failed to offer any reasonable excuse for the delay in commencing the action.
Accordingly, the plaintiff’s motion is denied and the cross motion of the City of New York and the Board of Education to dismiss the action is granted.