■ JOANNE FIORITO, Appellant, v TOWN OF HUNTINGTON, Respondent.

We agree with the Supreme Court's determination that the plaintiff's service by mail of the summons and complaint upon the attorneys for the defendant did not comply with the requirements of CPLR 311 (5). Thus, the complaint was properly dismissed for lack of personal jurisdiction.

The subsequent service of the pleadings on August 15, 1986, in compliance with CPLR 311 (5) was invalid since the 1-year-and-90-day Statute of Limitations *(see,* General Municipal Law § 50-i) had expired on July 28, 1986. Moreover, contrary to the plaintiff's contention, the Statute of Limitations was not tolled during the period in which she sought leave to amend her notice of claim. Such an application can be made "[a]t any time after the service of a notice of claim and at any stage of an action" (General Municipal Law § 50-e [6]; *cf., Giblin v Nassau County Med. Center,* 61 NY2d 67; *Barchet v New York City Tr. Auth.,* 20 NY2d 1). Thus, the plaintiff did not have to wait until after her motion for leave to amend her notice of claim was resolved before commencing her action. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.