OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated. We hold that petitioner was entitled to a toll of the limitations period to commence her wrongful death action against the Motor Vehicle Accident Indemnification Corporation (MVAIC) during the period the court was considering her application for leave to file a late notice of claim (Insurance Law § 5208 [c]) and that the tolling period began upon petitioner’s service by mail of the notice of motion to file a late notice of claim.
On October 7, 1985, Christopher Cummings was killed in a "hit and run” automobile accident. Petitioner was appointed administratrix of his estate on April 8, 1986. On November 21, 1986, she served MVAIC by mail with a notice of motion to file a late notice of claim (Insurance Law § 5208). On December 3, 1986, she personally served MVAIC with the same notice. By order entered December 18, 1986 — 27 days after the mail service and 15 days after the personal service of the motion — Supreme Court granted petitioner’s motion to file a late notice of claim. Thereafter, on October 29, 1987 (two years and 22 days from the death), petitioner moved for leave to commence an action against MVAIC pursuant to Insurance Law § 5218.
MVAIC opposed the motion on the ground that the wrongful death action was time barred under the two-year Statute of Limitations (EPTL 5-4.1). Petitioner countered that the limitations period was tolled during the 27-day period when the court was considering her application to file a late notice under Insurance Law § 5208. Supreme Court agreed with petitioner and granted petitioner’s application for an order permitting an action against MVAIC (Insurance Law § 5218). The Appellate Division reversed, holding "[t]he prior application seeking leave to serve a late notice of claim did not toll the Statute of Limitations because petitioner could have moved for leave to sue before the expiration of the two-year limitations period” (148 AD2d, at 1005). We disagree.
The first issue is whether the underlying limitations period is tolled during the pendency of petitioner’s prior application to file a late notice of claim. We conclude that it was. Before granting an application for leave to commence an action (see, *977 Insurance Law § 5218 [b] [1]), the court must be satisfied that petitioner has complied with the notice of claim provisions of Insurance Law § 5208. Here, petitioner failed to file a notice of claim during the statutory 90-day period and, thus, was required to seek leave of Supreme Court to file a late notice (see, Insurance Law § 5208 [c]) as a condition precedent to making a section 5218 application. During the time the court had the section 5208 (c) application under advisement, petitioner was effectively precluded from taking any steps in furtherance of the section 5218 application. Thus, she was entitled to have the limitations period tolled while the court was considering her section 5208 application (see, Barchet v New York City Tr. Auth., 20 NY2d 1, 6; CPLR 204 [a]; see also, Matter of Schultz v Motor Vehicle Acc. Indemnification Corp., 84 Misc 2d 640, 641-642). That petitioner could have filed the section 5218 application at any time between December 18, 1986 (when the section 5208 [c] application was granted) and October 7, 1987 (two years from the death) does not compel a different result. Petitioner was entitled to the benefit of tolling for the 27-day duration of her preclusion from proceeding under section 5218 (see, CPLR 204 [a]; see, e.g., Giblin v Nassau County Med. Center, 61 NY2d 67).
Having decided that the limitations period was tolled during the pendency of the section 5208 application, we must fix the date when this application was effectively served in order to determine when the period of tolling began. If petitioner’s section 5208 application was properly commenced by service by mail on November 21, 1986, then her action was timely. However, if petitioner’s section 5208 application was not commenced until December 3, 1986, the date of personal service, the action was time barred. We conclude that service by mail was sufficient under section 5208 (c). We agree with the reasoning in Matter of Coppola v MVAIC (59 AD2d 1023, 1024 [interpreting Insurance Law former § 608*]) that a section 5208 (c) application is analogous to a motion on notice which may be served by mail (see also, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C403:l, at 494-495 [1972]; Matter of Callahan v City of New York, 75 NY2d 899). Permitting service by mail of a section 5208 application is consistent with our recognition that the *978 uninsured motorist statutes were enacted to "ensure that innocent victims of motor vehicle accidents be recompensed for their injuries and losses” and the principle that "the interpretation of statutes relating to uninsured motorist coverage must not be caught up in narrow and technical analysis” (see, Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818, 819, 820).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.

 Former section 608 was renumbered as section 5208 in 1982, with no change relating to the required service thereunder and the bill jacket reflects no suggestion that former section 608 was improperly construed to permit service by mail (see, Bill Jacket, L 1982, ch 686).