[928 NYS2d 719]

Augustine Ambrus et al., Respondents, v City of New York et al., Appellants.

Second Department, July 12, 2011

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Edward F. X. Hart* and *Tahirih M. Sadrieh* of counsel), for appellants.

*Chester H. Greenspan, P.C.,* Jericho, for respondents.

**OPINION OF THE COURT**

ENG, J.

The Court of Appeals has long recognized that CPLR 204 (a) tolls the one-year and 90-day statute of limitations governing tort claims against municipal defendants while a motion to serve a late notice of claim is pending. The toll has been held to run from the date an application for leave to serve a late notice of claim is made to the date upon which an order granting that relief goes into effect. The sole issue raised on this appeal is whether, in a situation in which a court declines to sign an initial order to show cause for leave to serve a late notice of claim on procedural grounds, but a subsequent application for the same relief is granted, the period of time in which the earlier application is pending may also be excluded from the limitations period. For the reasons which follow, we conclude that the toll applies to the period in which the initial application is pending and, accordingly, that the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint as time-barred.

The plaintiffs, Augustine Ambrus and Katalin Ambrus, own a home located in the Glendale section of Queens. On August 8, 2007, a severe rainstorm caused flooding in the plaintiffs' neighborhood, allegedly due to the negligent repair and maintenance of the New York City sewer system. The plaintiffs claim that the flooding caused drain pipes in their home to burst, covering their basement and first floor with water and raw sewage. Many of the plaintiffs' possessions were allegedly damaged or destroyed, and their home sustained structural damage.

On November 6, 2007, 90 days after the flood, the plaintiffs, who were not yet represented by counsel, completed a form

entitled "Property Damage Claim Against the City of New York for Water Damage or Loss." The claim form included several pages in which the plaintiffs listed the specific items of property which had allegedly been damaged or destroyed by the flooding of their home. The plaintiffs mailed the claim form to the New York City Comptroller's office on November 7, 2007, 91 days after the flood, where it was received on either November 8, 2007, or November 9, 2007. By letter dated November 30, 2007, the Comptroller's office informed the plaintiffs that their claim was being disallowed because it "was not filed within 90 days from the date of occurrence as required by the General Municipal Law Section 50-e."

On July 1, 2008, nearly 11 months after the flood, the plaintiffs, now represented by counsel, purchased an index number and submitted an order to show cause to the Queens County Supreme Court Clerk's office seeking leave to serve a late notice of claim on the City of New York and the Department of Environmental Protection. Although not entirely clear from the record, it appears that the order to show cause was rejected for filing. Two days later, on July 3, 2008, the plaintiffs' attorney, in accordance with a directive from the Clerk's office, filed an "updated" order to show cause. The July 3, 2008, order to show cause was assigned to Justice Phyllis Orlikoff Flug. In a memorandum dated July 14, 2008, Justice Flug stated that the "Application for Order to Show Cause is denied with leave to proceed by filing a Notice of Motion," and that "[n]o statutory requirement or justifiable time criticality has been demonstrated to warrant proceeding by Order to Show Cause."

More than three months later, on October 23, 2008, the plaintiffs served the City and the New York City Department of Environmental Protection (hereinafter together the defendants) with a notice of petition and supporting papers seeking, in effect, to deem their attached amended notice of claim timely served. In an order dated March 9, 2009, Justice Flug granted the application, emphasizing that the City had acquired actual notice of the facts underlying the claim within a reasonable time period because the plaintiffs' original notice of claim, which had been filed approximately three days late, "contained specific details of the alleged cause and location of the flood and an itemized list of damages."

Less than one month after their second application was granted, on April 7, 2009, the plaintiffs commenced this action against the defendants.

The defendants subsequently moved for summary judgment dismissing the complaint upon the ground that it was barred by the one-year and 90-day statute of limitations set forth in General Municipal Law § 50-i (1). Although the defendants acknowledged that the statute of limitations was tolled while the plaintiffs' application to deem their amended notice of claim timely served was pending, the defendants argued that even excluding such period, the statute of limitations expired prior to the commencement of this action on April 7, 2009. The plaintiffs opposed the motion, contending that the action was timely commenced because the statute of limitations was also tolled between July 3, 2008, and July 14, 2008, while their initial application to proceed by order to show cause for leave to serve a late notice of claim was pending. Adding together the period when both applications were pending, the plaintiffs calculated that the statute of limitations was tolled for 157 days, and did not expire until April 12, 2009. In reply, the defendants maintained, relying upon the 1989 decision of the Appellate Division, First Department, in *Matter of Rieara v City of N.Y. Dept. of Parks & Recreation* (156 AD2d 206 [1989]), that the plaintiffs were not entitled to a toll for the period during which their initial application was pending.

In an order dated February 5, 2010, the Supreme Court denied the defendants' motion for summary judgment, concluding that the action was not time-barred because the statute of limitations was tolled for the periods when both the plaintiffs' initial application for leave to serve a late notice of claim and their second application for the same relief were pending. In its order, the Supreme Court concluded that *Rieara* was distinguishable because the plaintiffs in that case did not make their second application for leave to serve a late notice of claim until the statute of limitations had already expired, and the primary focus of that decision was whether the second application should relate back to the plaintiffs' timely made initial application.

The sole issue raised on this appeal, upon which the timeliness of this action turns, is whether the plaintiffs were entitled to a toll for the 12-day period from July 3, 2008, when they filed their first order to show cause seeking leave to serve a late notice of claim, to July 14, 2008, when the Supreme Court declined to sign that application on procedural grounds only. Although the defendants concede that the statute of limitations is tolled from the time a plaintiff commences a proceeding to obtain leave to serve a late notice of claim until an order granting that

relief goes into effect, they continue to maintain, relying upon *Rieara,* as well as another First Department decision, that the toll is inapplicable where a motion for such leave has been denied. The defendants argue that, as a matter of policy, "there is no sound reason for courts to toll the time to commence an action against a municipality during the pendency of an unsuccessful application for leave to serve a late notice of claim where the order denying the application is rendered within the Statute of Limitations. In such case, there is no bar to timely renewal of the application." In response, the plaintiffs contend that the toll should apply during each period an application for leave to serve a late notice of claim is under consideration by the court because an action cannot be commenced against municipal defendants until such leave is obtained.

The statute of limitations which governs this action is set forth in General Municipal Law § 50-i (1), which requires tort actions against municipal defendants to be commenced "within one year and ninety days after the happening of the event upon which the claim is based." Since the plaintiffs seek to recover for the property damage that they suffered when their neighborhood flooded on August 8, 2007, their claim accrued, and the limitations period began to run, on that date. Accordingly, in the absence of any tolling periods, as calculated by the defendants, the one-year and 90-day limitations period would have expired on November 5, 2008, more than five months prior to the commencement of this action. However, it is undisputed that the statute of limitations was tolled from October 23, 2008, when the plaintiffs served their second application seeking an order deeming their amended notice of claim timely filed, until March 13, 2009, when the order granting that application was entered. Extending the statute of limitations solely by this additional 142-day period would have required the plaintiffs to commence their action no later than March 27, 2009. Thus, this action, commenced on April 7, 2009, is time-barred unless the plaintiffs are also entitled to a toll for the 12-day period from July 3, 2008, when they filed their "updated" order to show cause for leave to serve a late notice of claim, until July 14, 2008, when the Supreme Court declined to sign their application solely upon the procedural ground that it was unnecessary to proceed by order to show cause.

Since this Court has not previously addressed the precise issue raised on this appeal, we begin our analysis by examining the two Court of Appeals cases which have recognized the exis-

tence of a toll for the period in which an application for leave to serve and/or file a late notice of claim is pending: *Barchet v New York City Tr. Auth.* (20 NY2d 1 [1967]) and *Giblin v Nassau County Med. Ctr.* (61 NY2d 67 [1984]).

In *Barchet*, the plaintiff was injured in an accident which occurred on December 23, 1963, as a result of the alleged negligence of the New York City Transit Authority. The plaintiff was required by General Municipal Law § 50-e to file a notice of claim within 90 days after the accident, and by the version of Public Authorities Law § 1212 then in effect, to commence suit within one year. On December 18, 1964, nearly one year after her accident, the plaintiff moved for leave to file a late notice of claim. On February 15, 1965, an order granting the plaintiff leave to file a late notice of claim was signed. By its terms, the plaintiff had 10 days in which to file the late notice of claim, which was to run from February 19, 1965, when the order appeared in the New York Law Journal. The plaintiff filed her notice of claim four days later, on February 23, 1965, and thereafter commenced her action against the Transit Authority on March 22, 1965. In its answer, the Transit Authority asserted the statute of limitations as an affirmative defense. The plaintiff thereafter moved to dismiss the defense, arguing that the statute of limitations was tolled during the period in which she was required to obtain leave of the court to file a late notice of claim, a prerequisite for commencing an action. In support of her position, the plaintiff relied upon CPLR 204 (a), which provides that "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." The Court of Appeals held that CPLR 204 (a) tolled the statute of limitations "from the time the plaintiff commenced the proceeding to obtain leave of the court to file a late notice of claim until the order of Special Term granting that relief appeared in the *New York Law Journal*, the date upon which it was to take effect" (*Barchet*, 20 NY2d at 6). In reaching its conclusion that CPLR 204 (a) tolled the statute of limitations during this period, the Court emphasized that once the plaintiff sought leave of the court to file a late notice of claim, her right to commence the action "was [not] solely within her control but was dependent upon obtaining leave of the court. She was, in effect, prohibited from commencing the action until that consent was obtained" (*id.*). The Court also observed that "[a]ny other result would not only be contrary to the policy and language of

the statute but would have the effect of limiting the one-year period permitted to obtain leave of the court" because the plaintiff "would not have the one year provided for in the statute to obtain leave of the court, but rather that period less the time necessary to obtain a judicial determination of that right" (*Barchet*, 20 NY2d at 7).

In *Giblin v Nassau County Med. Ctr.* (61 NY2d 67 [1984]), which was decided 17 years after *Barchet,* the Court of Appeals reaffirmed that the statute of limitations for municipal tort liability is tolled when the plaintiff applies for permission to file a late notice of claim, despite a 1976 amendment of General Municipal Law § 50-e (5) which eliminated the requirement that a plaintiff make an application to file a late notice of claim prior to the commencement of the action. In reaching its conclusion, the Court emphasized that its rationale in *Barchet* was that once the plaintiff commenced her proceeding to obtain leave to serve a late notice of claim, her right to commence the action was no longer solely in her control, but was dependent upon obtaining leave of the court. Explaining why this rationale remained viable despite the 1976 amendment, the Court observed that while the amendment illustrated that "the Legislature was aware of the fact that complaints were sometimes served before the notice of claim, and that the lawmakers were inclined to grant some relief to the plaintiff under those circumstances," it did not, on its face, "expressly authorize the practice or completely eliminate the problems encountered by a plaintiff who has filed a premature complaint, so as to also dispense with the need for the *Barchet* rule" (*Giblin*, 61 NY2d at 73). Instead, the 1976 amendment

> "simply eliminates the obstacle which prevented a plaintiff from applying for leave to file a late notice of claim once he had commenced the action. It does not go further and dispense with the requirement that the complaint allege that the notice has been served and that more than 30 days have elapsed since the service" (*id.* at 73-74).

Thus, service of a notice of claim, and an allegation or proof that a notice of claim has been served, remain conditions precedent to commencing suit. The Court then reasoned that

> "[i]n short, the 1976 amendment removed the statutory obstacle to the granting of a motion to serve a late notice of claim, but did not remove the statu-

tory impediments to suit which still prevent a plaintiff from properly commencing the action until permission to file a late notice of claim is granted by the court. Because the statutory prohibition to commencing the action was not altered by the 1976 amendment, the rationale of the *Barchet* decision still applies and CPLR 204 (subd [a]) should serve to toll the running of the Statute of Limitations while a motion to file a late notice of claim is pending" (*id.* at 74).

The Court of Appeals decision in *Matter of Hickman (Motor Veh. Acc. Indem. Corp.)* (75 NY2d 975 [1990]) is also instructive. In *Hickman*, the Court concluded that the pendency of an application pursuant to Insurance Law § 5208 (c) for leave to file a late notice of claim against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) tolled the two-year statute of limitations which governs wrongful death actions. In reaching its conclusion, the Court noted that "[d]uring the time the court had the section 5208 (c) application under advisement, petitioner was effectively precluded from taking any steps in furtherance" of her application pursuant to Insurance Law § 5218 for an order allowing her to commence an action against MVAIC (*Matter of Hickman*, 75 NY2d at 977). The Court also found that the fact that the petitioner

"could have filed the section 5218 application at any time between December 18, 1986 (when the section 5208 [c] application was granted) and October 7, 1987 (two years from the [date of] death) does not compel a different result. Petitioner was entitled to the benefit of tolling for the 27-day duration of her preclusion from proceeding under section 5218" (*id.*).

*Barchet, Giblin,* and *Hickman* all involved situations in which there was a single successful application for leave to file a late notice of claim, and where the toll granted for the pendency of the successful application rendered the ensuing lawsuit timely. However, in *Matter of Rieara v City of N.Y. Dept. of Parks & Recreation* (156 AD2d 206 [1989]), which the defendants urge this Court to follow, the First Department found that the toll did not apply to an initial, unsuccessful application for leave to serve a late notice of claim. In that case, the plaintiff Gail Rieara was injured on April 19, 1986, when she fell from a tree house in a Central Park playground. Rieara claimed that the City's

negligent maintenance of the playground was the cause of her injuries as well as the emotional distress her two children allegedly suffered by witnessing her fall. On December 23, 1986, over eight months after the accident, the plaintiffs moved for leave to serve a late notice of claim, attributing their delay to Rieara's physical incapacity and the infancy of the children. Over six months later, on June 1, 1987, the Supreme Court denied the application with leave to renew upon submission of proper medical evidence of Rieara's physical incapacity. Despite the denial of their application, the plaintiffs commenced an action against the City and the Department of Parks and Recreation. On February 24, 1988, more than nine months after the denial of the initial application, and more than seven months after the expiration of the statute of limitations, the plaintiffs renewed their prior application, submitting Rieara's hospital records and the affirmation of an orthopedic surgeon. The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied plaintiffs' second application, and granted the defendants' cross motion. On appeal, the plaintiffs argued that the limitations period was tolled from the date of the Supreme Court's denial of their initial application, or alternatively, from the date they commenced the action. Citing *Giblin*, the First Department noted that "the Statute of Limitations for the commencement of an action is tolled from the time a plaintiff seeks leave to serve a late notice of claim until an order granting such relief goes into effect," but stated that "[t]his type of toll is inapplicable here since plaintiffs' initial application was denied" (*Matter of Rieara*, 156 AD2d at 207). Continuing, the First Department pointed out that even if the toll were to be applied, it would not bring the renewal motion within the limitations period. The First Department also rejected the plaintiffs' argument that the renewal motion "related back" to the initial application, reasoning that "[i]f this argument were accepted the Statute of Limitations would have no practical effect for it would impose no time constraint on seeking renewal" (*id.*).

We agree with the Supreme Court that the significant factual distinctions between *Rieara* and the case at bar make the defendants' reliance upon that case misplaced. First, the toll is predicated upon the assumption "that the plaintiff will respect, or at least not intentionally disregard, the statutory prohibition" against commencing suit without complying with the notice of claim requirements, in which case he or she "is entitled

to the benefit of the tolling provisions" of CPLR 204 (a) (*Giblin*, 61 NY2d at 75). However, in *Rieara*, the plaintiffs commenced their action despite the fact that their initial application had been denied, thus disregarding the statutory requirement that they allege in their complaint that a notice of claim had been served and that more than 30 days had elapsed since service of the notice. Furthermore, the plaintiffs in *Rieara* were not merely seeking a toll for the period in which their first application was pending. Rather, they claimed entitlement to a toll beginning from either the date their initial application was denied or the date the action was commenced, and extending until the second application was decided. The Court of Appeals rationale in *Barchet* and *Giblin* would not support excluding the entire period between successive applications from the limitations period because it is only when an application is pending that the decision to commence suit is not solely in the plaintiff's hands. Moreover, since the initial application in *Rieara* was pending for a period of just over six months between December 23, 1986, and June 1, 1987, tolling the statute of limitations for this period would not have brought the second application within the limitations period.

The First Department's later decision in *Matter of Dominguez v New York City Health & Hosps. Corp.* (178 AD2d 186 [1991]), which the defendants cite for the first time on appeal, is not as readily distinguished. In *Dominguez*, the petitioner alleged that doctors at the Bronx Municipal Hospital Center had negligently failed to hospitalize and properly treat her when she sought treatment there on June 8, 1988, complaining of symptoms which included severe headaches and numbness of the right leg and arm. Two days later, doctors at another hospital diagnosed the petitioner as having suffered a stroke. On May 25, 1989, nearly one year after the alleged malpractice, the petitioner moved for leave to serve a late notice of claim against the respondent New York City Health and Hospitals Corporation. The parties agreed to adjourn the return date of the application to September 1, 1989. However, when the petitioner failed to appear on September 1, 1989, her application was denied. The order denying the application was entered on September 13, 1989. About a month later, by order to show cause dated October 18, 1989, the petitioner moved for leave to renew and reargue her prior application. The petitioner's second application was denied on the ground that the one-year and 90-day statute of limitations had expired on September 6, 1989, before the motion was

made on October 18, 1989. The Supreme Court rejected the petitioner's arguments that the statute was tolled for the period of time that the prior motion was pending, from May 25, 1989 to September 1, 1989, and that the subsequent motion related back to the earlier motion. The First Department affirmed, stating that "[t]he untimeliness of petitioner's motion to renew left [the Supreme Court] without power to grant the requested relief. The toll applied in *Giblin v Nassau County Med. Center* (61 NY2d 67) is inapplicable where, as here, a timely motion to serve a late notice of claim has been denied" (*Matter of Dominguez*, 178 AD2d at 187). The First Department also noted that the untimely renewal motion did not relate back to the date upon which the original timely motion was made. Significantly, the statute of limitations in *Dominguez* expired only about five weeks before the petitioner made her second application for leave to serve a late notice of claim. Thus, if the First Department had concluded that the petitioner was entitled to a toll for the period of approximately three months during which her first application was pending, her second application could have been considered timely made prior to the expiration of the statute of limitations. *Dominguez* can thus be viewed as providing stronger support for the defendants' position in this case than does *Rieara*.

Nevertheless, *Dominguez* does not persuade us that the plaintiffs should be denied a toll for the 12-day period in which their first application to proceed by order to show cause for leave to serve a late notice claim was pending. The primary rationale underlying the Court of Appeals decisions in *Barchet* and *Giblin* is that a plaintiff who has failed to serve a timely notice of claim may not properly commence an action against a municipal defendant until leave to serve a late notice of claim has been granted, and that during the period in which such a leave application is pending, the right to commence the action is not solely within the plaintiff's control. Thus, while the application is pending, the plaintiff is effectively prohibited from commencing the action. This rationale applies with no less force to the less commonly encountered situation presented here, where a court declines to sign an initial order to show cause on a purely procedural ground, and a second application is successful. The defendants' argument that the plaintiffs should not be entitled to a toll because the statute of limitations had not yet expired when the Supreme Court declined to sign their initial order to show cause fails to take into account the reasons which underlie

the recognition of the toll. Moreover, in *Matter of Hickman* (75 NY2d at 977), the Court of Appeals rejected a similar contention that the petitioner should be denied the benefit of the toll because she was granted leave to file a late notice of claim against MVAIC about 10 months prior to the expiration of the applicable limitations period.

Since the plaintiffs were effectively prohibited from properly commencing their action during the 12-day period in which their initial application to proceed by order to show cause for leave to serve a late notice of claim was pending, as well as the period during which their second application for similar relief was pending, they were entitled to a toll for both periods. Thus, the Supreme Court properly determined that this action was commenced prior to the expiration of the statute of limitations. To the extent that the First Department's decisions in *Matter of Dominguez v New York City Health & Hosps. Corp.* (178 AD2d 186 [1991]) and *Matter of Rieara v City of N.Y. Dept. of Parks & Recreation* (156 AD2d 206 [1989]) provide contrary authority, we decline to follow them.

Accordingly, the order is affirmed.

MASTRO, J.P., DILLON, and SGROI, JJ., concur.

Ordered that the order is affirmed, with costs.