In an action to recover damages for personal injuries, the plaintiff Young Soo Chi appeals from an order of the Supreme Court, Queens County (J. Golia, J.), entered May 15, 2012, which denied his motion, denominated as one for leave to serve a late notice of claim upon the proposed additional defendants the City of New York and the New York City Housing Authority, but which was, in actuality, for leave to renew his prior motion for leave to serve a late notice of claim upon those proposed additional defendants, which had been denied in an order of the same court dated September 21, 2011.
Ordered that the order is affirmed, with one bill of costs.
The appellant allegedly sustained personal injuries as a result of a motor vehicle accident on May 20, 2010. After discovering that the defendant Franco Castelli was driving his vehicle during the course of his employment, on or about May 20, 2011, the appellant moved pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the proposed additional defendants the City of New York and the New York City Housing Authority (hereinafter NYCHA). In an order dated September 21, 2011, the Supreme Court denied the appellant’s motion. On November 15, 2011, the appellant served a renewed motion for leave to serve a late notice of claim upon the proposed additional defendants. The proposed additional defendants opposed the renewed motion. In opposition, NYCHA argued, inter alia, that the Supreme Court lacked authority to grant the renewed motion because it was made more than one year and 90 days after accrual of the claim. In the order appealed from, the court denied the renewed motion, finding that it was made after the expiration of the applicable statute of limitations and, in any event, the motion for leave to serve a late notice of claim was without merit.
The proposed additional defendants contend that the Supreme Court properly denied the appellant’s renewed motion because it was made after the one-year-and-90-day statute of limitations had expired. The court lacks authority to grant a motion for *817 leave to serve a late notice of claim that is made after the one-year-and-90-day statute of limitations has expired, unless the statute has been tolled (see General Municipal Law §§ 50-e [5]; 50-i [1]; Pierson v City of New York, 56 NY2d 950, 954 [1982]; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 262-263 [1980]; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668 [2012]). CPLR 204 (a) tolls the statute of limitations while a motion to serve a late notice of claim is pending (see Giblin v Nassau County Med. Ctr., 61 NY2d 67 [1984]; Barchet v New York City Tr. Auth., 20 NY2d 1 [1967]; Ambrus v City of New York, 87 AD3d 341, 342 [2011]). Since the appellant was entitled to a toll of more than four months from the time that he made his original motion for leave to serve a late notice of claim until the subsequent order was entered deciding his motion, the appellant’s renewed motion was timely made (see Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668 [2012]; Ambrus v City of New York, 87 AD3d at 351-352). Accordingly, the court had the authority to entertain the renewed motion (see Cohen v Pearl Riv. Union Free School Dist., 51 NY2d at 266).
Nevertheless, the renewed motion was properly denied. Even if the appellant presented a reasonable justification for his failure to present the new facts on his prior motion for leave to serve a late notice of claim, the new facts would not change the court’s prior determination (see CPLR 2221 [e]; Commisso v Orshan, 85 AD3d 845, 845-846 [2011]; Swedish v Beizer, 51 AD3d 1008, 1010 [2008]; Keyland Mech. Corp. v 529 Empire Realty Corp., 48 AD3d 755 [2008]). The appellant failed to demonstrate that the proposed additional defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, to rebut the proposed additional defendants’ assertions that the delay would substantially prejudice their ability to defend, and to demonstrate a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e [5]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902 [2013]; Matter of Klass v City of New York, 103 AD3d 800 [2013]; Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency, 68 AD3d 1111, 1112 [2009]; Pagan v New York City Hous. Auth., 175 AD2d 114, 115 [1991]). Mastro, J.P, Balkin, Sgroi and Hinds-Radix, JJ., concur.