Artup v Simeone (2020 NY Slip Op 07528)





Artup v Simeone


2020 NY Slip Op 07528


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-06785
 (Index No. 68213/18)

[*1]Helen Artup, appellant,
v
John Simeone, et al., respondents.


Reardon Anderson, New York, NY (Thomas M. Reardon III of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Samantha Cruzado of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated April 2, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
On January 4, 2017, the plaintiff was injured when the vehicle in which she was a passenger was struck in the rear by a bus owned and operated by the defendants on I-287 in Westchester County. On October 25, 2017, the plaintiff commenced a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the County of Westchester by purchasing an index number and filing a petition with the Westchester County Supreme Court Clerk's office. On or about January 12, 2018, the County served a demand to hold a hearing on April 11, 2018, pursuant to General Municipal Law § 50-h. By order entered February 16, 2018, the Supreme Court, sua sponte, denied the petition and dismissed the proceeding based on lack of personal jurisdiction. On March 14, 2018, the plaintiff served a notice of motion pursuant to CPLR 2221(e) for leave to renew her prior petition. By order entered June 6, 2018, the court, upon renewal, granted the petition for leave to serve a late notice of claim upon the County. On or about June 7, 2018, the County served a second demand to hold a hearing on August 1, 2018. The plaintiff requested and was granted adjournments of her hearing.
On October 31, 2018, the plaintiff commenced this personal injury action against the defendants. By pre-answer motion the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred by the one-year and 90-day statute of limitations set forth in General Municipal Law § 50-i(1). Although the defendants acknowledged that the statute of limitations was tolled during the pendency of the plaintiff's original petition for leave to serve a late notice of claim and the pendency of the plaintiff's motion for leave to renew the petition, the defendants argued that even excluding such periods, the statute of limitations expired prior to the commencement of this action. The plaintiff opposed the motion, contending that the action was timely commenced because [*2]the statute of limitations was tolled from when she commenced the special proceeding until the entry of the final order granting her petition. In an order dated April 2, 2019, the court granted the defendants' motion. The plaintiff appeals.
A defendant who moves pursuant to CPLR 3211(a)(5) to dismiss a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Lewis v KMT Group, Inc., 173 AD3d 1153, 1154; Witty v 1725 Fifth Ave. Corp., 170 AD3d 781, 783; Plaza Invs. v Capital One Fin. Corp., 165 AD3d 853, 854). The burden then shifts to the nonmoving party to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (see Benjamin v Keyspan Corp., 104 AD3d 891, 892; Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 778; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822).
Here, it is undisputed that the one-year and 90-day statute of limitations began to run on January 4, 2017, when the accident occurred (see General Municipal Law § 50-i[1]). Since the plaintiff did not commence this action until October 31, 2018, more than one year and 90 days later, the defendants sustained their initial burden of demonstrating, prima facie, that this action was untimely (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970).
In opposition, the plaintiff failed to raise a question of fact as to whether the limitations period was tolled for sufficient periods to bring the action within the one-year and 90-day limitations period. CPLR 204(a) tolls the statute of limitations from the time a special proceeding is commenced by the filing of the petition (see CPLR 304[a], [c]; 306-a[a]) until the subsequent order is entered deciding the petition (see Giblin v Nassau County Med. Ctr., 61 NY2d 67, 74; Yong Soo Chi v Castelli, 112 AD3d 816, 817; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668; Ambrus v City of New York, 87 AD3d 341, 352). Here, the plaintiff was entitled to a toll of 115 days from October 25, 2017, when she filed her petition for leave to serve a late notice of claim, until February 16, 2018, when an order was entered denying her petition. In addition, the plaintiff was entitled to a second toll of 85 days from March 14, 2018, when she served her motion for leave to renew the petition, until June 6, 2018, when an order was entered, upon renewal, granting the petition. Thus, the plaintiff was entitled to a total toll of 200 days for both periods (see Ambrus v City of New York, 87 AD3d at 352). Extending the statute of limitations by 200 days would have required the plaintiff to commence her action no later than October 21, 2018. Thus, this action, commenced on October 31, 2018, was time-barred.
We reject the plaintiff's contention that she was entitled to a toll of 224 days from October 25, 2017, when she filed her petition for leave to serve a late notice of claim, until June 6, 2018, when the final order granting the petition was entered, since there was no petition or motion pending during the 24-day period between the successive applications from February 16, 2018, to March 14, 2018 (see Ambrus v City of New York, 87 AD3d at 350).
The plaintiff's contention that she could not properly commence an action against the defendants until she complied with the defendants' demand for a hearing pursuant to General Municipal Law § 50-h is without merit. The parties agreed to adjourn the scheduled hearing dates and the hearing was indefinitely postponed beyond the 90-day period from service of the demand (see General Municipal Law § 50-h[5]; October v Town of Greenburgh, 55 AD3d 704; Southern Tier Plastics, Inc. v County of Broome, 53 AD3d 980). Since the County failed to reschedule the hearing for the earliest possible date available, and the 90-day period had elapsed, the plaintiff was entitled to commence this action before a hearing was conducted (see General Municipal Law § 50-h[5]; Page v City of Niagara Falls, 277 AD2d 1047, 1048; Ambroziak v County of Erie, 177 AD2d 974). Thus, the plaintiff was not prevented from commencing this action prior to the expiration of the statute of limitations.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court