Matter of Piedra v Arzu (2025 NY Slip Op 00224)

Matter of Piedra v Arzu

2025 NY Slip Op 00224

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA M. GOLIA, JJ.

2023-09152
 (Index No. 723833/22)

[*1]In the Matter of Henry Piedra, et al., appellants,
v
John D. Arzu, et al., respondents.

Sacco & Fillas, LLP, Bayside, NY (James Y. Kim and Ron Groman of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca J. Visgaitis and Hannah J. Sarokin of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 1, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the petition in accordance herewith.
On August 30, 2021, the petitioners' vehicle was struck by a New York City Department of Transportation vehicle, allegedly causing the petitioners to sustain personal injuries. On December 2, 2021, the petitioners served a notice of claim upon the City of New York, but the City rejected the notice of claim as untimely. On October 14, 2022, the petitioners attempted to electronically file a petition for leave to serve a late notice of claim in the Supreme Court. The petition was returned several times with instructions to refile after making corrections, but it was accepted for filing when it was refiled on December 27, 2022. According to the petitioners' attorney, on March 13, 2023, he discovered that the petition "had been marked off on e-law on February 6, 2023" because it did not contain a motion submission form required by the court's part rules.
On March 24, 2023, the petitioners filed the instant petition for leave to serve a late notice of claim. The Supreme Court denied the petition and, in effect, dismissed the proceeding on the ground that it was untimely. The petitioners appeal.
Generally, as a condition precedent to commencing a tort claim against a public corporation, a plaintiff must serve a notice of claim within 90 days after the claim arises (see General Municipal Law §§ 50-e[1][a]; 50-i[1][a]). The court, upon application, may extend this 90-day period, but the "extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation" (id. § 50-e[5]). Thus, the "time to serve a notice of claim upon a public corporation cannot be extended beyond the time limited for commencement of an action against that party, [and] the court lacks authority to grant a motion for leave to serve a late [*2]notice of claim made more than one year and 90 days after the cause of action accrued, unless the statute of limitations has been tolled" (Sosnicki v New York City Sch. Constr. Auth., 226 AD3d 721, 723 [internal quotation marks omitted]).
"CPLR 204(a) tolls the statute of limitations while a motion [or petition] to serve a late notice of claim is pending" (Young Soo Chi v Castelli, 112 AD3d 816, 817; see Giblin v Nassau County Med Ctr., 61 NY2d 67, 72-76). This is because once an application for leave to serve a late notice of claim is made, a plaintiff's right to commence an action is "'no longer solely within [his or] her control but [is] dependent upon obtaining leave of the court" (Giblin v Nassau County Med. Ctr., 61 NY2d at 72, quoting Barchet v New York City Tr. Auth., 20 NY2d 1, 6). During that time, a plaintiff is "'in effect, prohibited from commencing the action until that consent [is] obtained'" (id., quoting Barchet v New York City Tr. Auth., 20 NY2d at 6). Where a court denies an application for leave to serve a late notice of claim on procedural grounds, the period of time in which that application is pending is included within the tolling period (see Ahmed v New York City Health & Hosps. Corp., 204 AD3d 870, 871; Ambrus v City of New York, 87 AD3d 341, 351-352).
In the Supreme Court, the respondents contended that the statute of limitations was tolled only from October 14, 2022, through February 6, 2023, the date that the petitioners' prior petition was marked off, meaning that this proceeding was commenced one day beyond the one-year- and 90-day statute of limitations period and was, thus, untimely. The court agreed with the respondents' contention in this regard and denied the petition and, in effect, dismissed the proceeding on the ground that it was untimely. However, it is undisputed that the court's determination on February 6, 2023, to mark the petitioners' prior petition off the calendar for failure to comply with the court's part rule requiring the filing of a motion submission form was not communicated to the petitioners at that time and that the petitioners did not learn of this fact until March 13, 2023, at the earliest. Therefore, under the circumstances of this case, the toll extended to March 13, 2023, rendering this proceeding timely (see generally Ahmed v New York City Health & Hosps. Corp., 204 AD3d at 871; Ambrus v City of New York, 87 AD3d at 351-352).
Accordingly, the Supreme Court should not have denied the petition for leave to serve a late notice of claim and, in effect, dismissed the proceeding as untimely and should have determined the petition on the merits. Thus, we reverse the order appealed from and remit the matter to the Supreme Court, Queens County, for a new determination of the petition on the merits (see Matter of Shannon v Westchester County Health Care Corp., 76 AD3d 680, 681-682; Kim L. v Port Jervis City School Dist., 61 AD3d 825, 826-827).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court