■ JOHN DUBLANICA, as Executor of ANASTASIA DUBLANICA, Deceased, Respondent, v ROME HOSPITAL/MURPHY MEMORIAL HOSPITAL et al., Appellants.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: We reverse and dismiss the action as untimely *(see,* General Municipal Law § 50-i). Although, because of a stay by statutory prohibition, the Statute of Limitations against the defendant municipal corporation was tolled from the time of service of the notice of motion for permission to file the late notice of claim until the granting of permission by Special Term *(see, Giblin v Nassau County Med. Center,* 61 NY2d 67), no additional stay was effected by reason of the appeal by the municipal corporation from the order of Special Term. CPLR 5519 (a), upon which plaintiff relies, provides to a municipality, upon the filing of a notice of appeal, an automatic stay of "all proceedings to enforce the judgment or order appealed from". This paragraph did not prohibit plaintiff from serving the notice of claim since no proceeding was necessary to effect service, nor was service of the notice of claim a *proceeding* to enforce the order *(see, Matter of Gordon v Town of Esopus,* 107 AD2d 114; *Christian v Village of Herkimer,* 5 NY2d 818, *affg* 5 AD2d 62; *see further, Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102). Although the *Christian* case *(supra)* was decided before the enactment of the Civil Practice Law and Rules, the pertinent language of CPLR 5519 (a) is substantially the same as former Civil Practice Act § 573, which provided that the effect of a stay pending appeal was to stay "all proceedings to enforce the judgment or order appealed from". (Appeal from order of Supreme Court, Oneida County, Grow, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.