■ JAMES PYNE, Respondent, v 20 E. 35 OWNERS CORP. et al., Appellants. [700 NYS2d 450] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered May 24, 1999, which, to the extent appealed from, denied defendants' motion to dismiss the complaint as time barred, unanimously reversed, on the law, with costs and disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

In 1993, plaintiff filed a summons and complaint in the United States District Court for the Southern District of New York asserting the same claims against the same defendants as are alleged in this action for injuries claimed to have been sustained in a May 4, 1992 fall on a marble floor in a building owned and managed by defendants. The Federal action was dismissed by order entered on December 2, 1997 for plaintiff's failure to show diversity of citizenship. On April 17, 1998, plaintiff filed a summons and complaint in the Supreme Court, New York County, alleging the same claims against the same defendants as were alleged in the prior Federal action. On May 7, 1998, plaintiff filed a summons and amended complaint with respect to plaintiff's residence at the time of the accident. The summons and amended complaint were served upon defendant 20 E. 35 Owners Corp. on July 23, 1998 and defendant Dwelling Managers, Inc. on July 28, 1998. Defendant Fass was served on August 6, 1998. Proof of service was filed on August 10 and August 13, 1998. Defendants thereafter moved to dismiss the amended complaint as time-barred under CPLR 205 (a) and 214. The IAS Court denied the motion, holding

that CPLR 306-b, effective January 1, 1998,* allowing for service of the summons and complaint within 120 days after their filing, nullified the specific provision of CPLR 205 (a), as amended effective July 1, 1992, permitting, with certain exception, the commencement of a new action within six months of the dismissal of a timely commenced earlier action for the same transaction, provided "that service upon defendant is effected within such six-month period." We reverse.

It is undisputed that plaintiff failed to comply with CPLR 205 (a), requiring that defendants be served within six months of the dismissal of the prior Federal action against the same defendants for the same claims. The amendment to CPLR 205 (a), effective July 1, 1992, requiring, as a condition to the commencement of a new action, service upon a defendant within six months of the dismissal of the earlier action, was enacted at the same time as CPLR 306-b (L 1992, ch 216). Both were part of the same legislative package changing the commencement of an action from service of summons and complaint to the filing thereof. Under the 1992 version of CPLR 306-b, subdivision (a) required proof of service to be filed within 120 days after the filing of the summons and complaint. As the legislative history of the 1992 amendment to CPLR 205 (a) and the 1992 enactment of CPLR 306-b, which were part of the same legislative package, shows, a plaintiff "has six months to recommence the action and must not only file but serve the new action within that time period." (New York State Senate Introducer's Mem in Support, at 1, Bill Jacket, L 1992, ch 216.) The subsequent 1998 amendment to CPLR 306-b did not negate or nullify the 1992 amendment to CPLR 205 (a) requiring service within the six-month period. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.

---

* Chapter 476 of the Laws of 1997 repealed CPLR 306-b and enacted a new section 306-b.