■ CHARLOTTE SILBER, Appellant, v BENJAMIN STEIN, Respondent. [731 NYS2d 227] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated April 19, 2000, which granted the defendant's motion, *inter alia,* to dismiss the complaint pursuant to CPLR 205 (a).

Ordered that the order is affirmed, with costs.

On May 29, 1997, the plaintiff commenced an action seeking to recover damages for the wrongful death of her late husband, and for the defendant doctor's alleged malpractice in treating the decedent. However, since the plaintiff had not yet been appointed administrator of the decedent's estate at the time she commenced the action, the Supreme Court dismissed it without prejudice to commencing a new action within the six-month period afforded by CPLR 205 (a).

Although the plaintiff filed a new complaint prior to the expiration of the six-month period, the defendant subsequently moved to dismiss the new complaint, contending that the plaintiff failed to properly effect service within that period as required by the statute. In support of his motion, the defendant argued that the plaintiff's process server had improperly resorted to "nail and mail" service at an address in Rego Park, Queens, where he no longer maintained his medical office. The Supreme Court granted the defendant's motion, concluding that the plaintiff failed to properly commence a new action.

Contrary to the plaintiff's contention, she did not properly effect service on the defendant within the six-month period afforded by CPLR 205 (a) for commencement of a new action. It is well settled that "nail and mail" service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with "due diligence." The due diligence requirement of CPLR 308 (4) "must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*Gurevitch v Goodman,* 269 AD2d 355; *see, Moran v Harting,* 212 AD2d 517). Here, according to the affidavit of the plaintiff's process server, after finding the defendant's Rego Park office closed on three occasions, he called the defendant's office telephone number and spoke to an unidentified woman, who told him that the defendant doctor was on vacation, and that when he returned, he would be at a new location. The unidentified woman also allegedly told the process server that she did not know where the defendant's new location would be. Without making any other attempt to determine when the defendant would be returning from vacation or where his new office would be located, the process server returned to the Rego Park address two days later to effect "nail and mail" service. The record is also devoid of any indication that the process server took any steps to determine the defendant's home address.

Under these circumstances, the plaintiff failed to satisfy the due diligence requirement of CPLR 308 (4) (*see, Kurlander v A Big Stam Corp.,* 267 AD2d 209; *Schwartzman v Musso,* 201 AD2d 551). Since service of the new complaint was not properly effected within six months after the dismissal of the original complaint, the Supreme Court properly dismissed the new complaint (*see, Pyne v 20 E. 35 Owners Corp.,* 267 AD2d 168).

The plaintiff's remaining contentions are without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.