OPINION OF THE COURT
John M. Galasso, J.
The motion before the court is one for an order striking plaintiff’s complaint pursuant to CPLR 3211 (a) (5) on the grounds that this action is barred by the statute of limitations. It involves a legal malpractice case which was previously dismissed upon a motion under CPLR 3012 (b) for failure to serve a duly demanded complaint. In order to bring the instant action plaintiff relies on the remedial tolling provisions of CPLR 205 (a).
CPLR 205 (a) states in pertinent part:
“If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff. . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.”
Defendant claims the saving statute is of no avail to plaintiff. He asserts section 205 (a) does not apply because the prior dismissal was for neglect to prosecute, it was not commenced and served within the required six-month period and the first action, an issue not previously addressed, was untimely commenced in accordance with the statute of limitations and prevailing case law (CPLR 214).
The court addresses first the contention that the prior dismissal was based on neglect to prosecute and therefore the ameliorative tolling provision of CPLR 205 (a) does not apply.
It should be kept in mind that the so-called saving statute was intended to be liberally construed (Gaines v City of New *865 York, 215 NY 533 [1915]). As the Court of Appeals has stated in George v Mt. Sinai Hosp. (47 NY2d 170, 177 [1979]), the function of CPLR 205 (a) is to
“ameliorate the potentially harsh effect of the Statute of Limitations in certain cases in which at least one of the fundamental purposes of the Statute of Limitations has in fact been served, and the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party.”
This remedial statute has been broadly interpreted to include even actions where the court lacked subject matter jurisdiction when the defendant had received actual notice (id. at 178).
In the case at bar, all the facts, including plaintiffs prosecution in the related matter to recover her home, indicate plaintiff did not intend to neglect to prosecute the prior action. Indeed, that court presumed the delay was excusable. It was plaintiffs lack of an affidavit on the merits, supplied herein, which obliged dismissal of the first action.
Unlike other cases cited by defendant, law office failure was not the excuse presented to the court but rather ongoing negotiations and the pendency of plaintiffs related action (cf. Amodeo v Radler, 59 NY2d 1001; Cummings v St. Joseph’s Hosp. Health Ctr., 130 AD2d 957 [1987]). The complaint itself was attached to plaintiffs opposition to a prior motion dated March 5, 2004.
It is further noteworthy that defendant’s CPLR 3012 (b) demand for complaint was unilaterally extended by plaintiff to January 30, 2004 by a letter which also reflected ongoing negotiations. Accordingly, the delay in serving the complaint was approximately five weeks.
In addition, plaintiff, in the first instance, served a summons with notice in accordance with CPLR 305 (b), which this court also considers in determining whether plaintiffs first action was dismissed on any grounds which would deny her CPLR 205 (a) tolling relief (Limpert v Garland, 100 Misc 2d 525 [1979]).
This action accuses defendant of legal malpractice. Plaintiff must rely on her new attorney to properly draft the complaint based upon her view of the facts, which he did here with great specificity.
Although technically required in opposition to a proper CPLR 3012 (b) motion, an affidavit of merit would have served only to reiterate the information contained in the complaint. Furthermore, an affidavit from a legal expert would appear to be superfluous given the presumed expertise of plaintiffs new attorney and, indeed, the jurist reviewing the case.
*866 Accordingly, for all the reasons set forth above, the court determines the dismissal of the first action, being silent on the subject, was not on neglect to prosecute grounds and plaintiff may be afforded the protection of CPLR 205 (a) (cf. Schwartz v Luks, 46 AD2d 634 [1974]).
Plaintiff having now been afforded that protection, it must be determined if the action at bar was timely commenced within the meaning of CPLR 205 (a). Plaintiff had six months from the termination of the prior proceeding to both commence the new action and to properly serve defendant. Here, the date of entry of the order was June 30, 2004, previously determined to be the controlling date for section 205 (a) purposes (e.g., Yates v Genesee County Hospice Found., 299 AD2d 900 [2002], lv denied 99 NY2d 511 [2003]; Brumel v Hartford Fire Ins. Co., 158 Misc 311 [1936]).
However, recently the Second Department noted that service of a copy of the dismissal order with notice of entry was sufficient to commence a CPLR 205 (a) action within the six-month period (Vasquez v Wood, 18 AD3d 645 [2005]). In the case at bar, that date was July 1, 2004.
As argued by plaintiff, the date defendant entered final judgment is not controlling (Brumel v Hartford Fire Ins. Co., supra; Annotation, Determination of Beginning of Period Allowed by Statute for Commencement of New Action After Failure, Otherwise Than on the Merits, of Action Timely Begun, 79 ALR2d 1270).
This proceeding, accordingly, was timely commenced.
Service of the summons and verified complaint upon defendant, however, was not timely. Indeed, it was 2V2 months late. Failure of service within the section 205 (a) six-month period is not nullified by CPLR 306-b requiring service within 120 days after filing (Pyne v 20 E. 35 Owners Corp., 267 AD2d 168 [1999]).
Nonetheless, the court determines that late service can be excused in a section 205 (a) action as it can in seminal actions in the interest of justice (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95 [2001]).
In Leader, the Court of Appeals stated that late service may be excused in the interest of justice even where, as here, there has been no showing of diligent effort at service. Other factors, such as notice to defendants and the merits of plaintiffs case may be considered (see, generally, CPLR 3012 [d], overruling Barasch v Micucci, 49 NY2d 594 [1980]).
*867 Although plaintiff did not move for an extension of time in the first instance, or cross-move at the time of the instant application, the court may still address this issue sua sponte, albeit with a more limited range of discretion (A & J Concrete Corp. v Arker, 54 NY2d 870 [1981]).
Defendant, as an attorney, was certainly aware of the underlying cause of action for malpractice and that plaintiff might seek CPLR 205 (a) relief from the dismissal. He received the summons with notice on the prior action and the proposed complaint was attached to plaintiff’s opposition to the dismissal motion which is now the subject of this application.
As to the merits of plaintiffs action, her verified complaint sets forth in detail the basis for the malpractice: that defendant failed to discover a village tax lien on her home when he was specifically retained to investigate any possible tax arrears. Plaintiff almost lost the house because of it and she suffered significant monetary damages in her efforts to have title returned to her for the home she had lived in for many years with her now late husband. On the other hand, defendant’s defense, that plaintiff did not want to have a title search performed because it was too expensive, is, at best, a question of fact for a jury.
In addition, the court takes into consideration plaintiffs current attorney’s failure to timely serve the summons and complaint in accordance with CPLR 205 (a) although it has been excused. In light of plaintiff’s widowed status, age and health, the court, in the interests of justice, grants plaintiff an extension of time to effectuate service and, further, deems the summons and verified complaint in the instant matter to be timely served in accordance with that extension.
The final criteria of CPLR 205 (a) to be addressed is the timeliness of the first action. Defendant argues that action was commenced beyond the statute of limitations for legal malpractice actions, having accrued more than three years prior to commencement (Kahn v Hart, 270 AD2d 231 [2000]). Plaintiff asserts defendant’s representation was tolled by the continuous representation doctrine (id.).
These are factual issues for which a hearing is necessary (Government Dev. Bank v Ernst & Young, 219 AD2d 467 [1995]).
Defendant’s motion is denied without prejudice (id.).