Mira v Argus Media (2023 NY Slip Op 06483)

Mira v Argus Media

2023 NY Slip Op 06483

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 654258/20 Appeal No. 931&M-4603 Case No. 2022-05497 

[*1]Leslie Moore Mira, Plaintiff-Appellant,
v
Argus Media et al., Defendants-Respondents.

Leslie Moore Mira, appellant pro se.
Foster Garvey PC, New York (Jeanne C. Barenholtz of counsel), for respondents.

Order, Supreme Court, New York County (Lucy Billings, J.), entered June 3, 2022, which granted defendants' motion to dismiss, unanimously affirmed, without costs.
Plaintiff, a Mexican-American woman, was fired from her job with defendant Argus Media in April 2014. In December 2015, she filed a federal action pro se against Argus and three of its employees in the United States District Court for the Southern District of New York, asserting causes of action under Title VII of the Civil Rights Act, the New York State Human Rights Law, and the New York City Human Rights Law. Upon defendants' motion to dismiss for failure to state a claim, the District Court dismissed the Title VII claims on the merits and declined to exercise supplemental jurisdiction over the State and City claims, dismissing them without prejudice (Mira v Argus Media, 2017 WL 1184302, *9, 2017 US Dist LEXIS 46691, *29 [SD NY, Mar. 29, 2017, No. 15-cv-9990 (RJS)]. The District Court later denied plaintiff's motion to further amend the complaint (Mira v Argus Media, 2017 WL 11604293, *4, 2017 US Dist LEXIS 233862, *14 [SD NY, May 16, 2017, No. 15-cv-9990 (RJS)]. On September 25, 2018, the Second Circuit dismissed plaintiff's direct appeal (Mira v Argus Media, 2018 WL 11298793, *1, 2018 US App LEXIS 37679, *1 [2d Cir, Sept. 25, 2018, No. 17-1929]). Plaintiff's motion for reconsideration before the Second Circuit was denied on January 18, 2019, and the United States Supreme Court denied certiorari on October 7, 2019 (see Mira v Argus Media, — US &mdash, 140 S Ct 228 [2019]).
On June 7, 2020, plaintiff commenced this action against Argus and the three individual defendants, as well as three more individuals with whom she worked at Argus. Plaintiff asserted the same State and City Human Rights Law claims as she had asserted in the federal action and added several new tort causes of action, including one for intentional infliction of emotional distress.
Supreme Court properly dismissed this action as untimely. Under the tolling provision of CPLR 205(a), a plaintiff may file a new action after a nonmerits dismissal even if the original statute of limitations has expired, but must do so within six months of the dismissal. Here, the federal court's dismissal of the state law claims was not on the merits, so plaintiff was permitted to file a new action under CPLR 205(a). However, the six-month period in which plaintiff was obliged to file and serve the action began to run "when appeals as of right [were] exhausted" — that is, on September 25, 2018, when the Second Circuit dismissed the appeal — and expired March 25, 2019 (Malay v City of Syracuse, 25 NY3d 323, 328 [2015] [internal quotation marks omitted]; see Favourite Ltd. v Cico, 208 AD3d 99, 112-114 [1st Dept 2022]). She did not commence this action until June 2020, more than a year later.
Discretionary extensions of time to effect service under CPLR 306-b do not "negate or nullify" the filing and service requirements of CPLR 205(a) (Pyne [*2]v 20 E. 35 Owners Corp., 267 AD2d 168, 169 [1st Dept 1999]; accord Silber v Stein, 287 AD2d 494, 495 [2d Dept 2001]). Moreover, the six-month extension provision does not apply to the three individuals newly named in this action, over whom plaintiff had never attempted to establish personal jurisdiction (see Cazsador v Greene Cent. School, 243 AD2d 867, 868-869 [3d Dept 1997], lv denied 91 NY2d 812 [1998]). As to those three defendants, the limitations periods expired, at the latest, in April 2015 for intentional infliction of emotional distress, which is subject to a one-year limitations period, and April 2017 for all the other tort causes of action, which are subject to a three-year limitations period (CPLR 214[2], [4]-[5], 215[3]).
The continuing violations doctrine does not save any of plaintiff's claims because the amended complaint and affidavits filed in opposition to the motion to dismiss do not allege any facts showing that defendants engaged in a "single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint" (Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021] [internal quotation marks omitted]; see also Mira v Harder [Evans], 177 AD3d 426, 426 [1st Dept 2019]). Rather, plaintiff alleges only that unknown individuals, none of whom is alleged to have any connection to defendants, engaged in continuing violative conduct.
We have considered plaintiff's remaining contentions and find them unavailing.
M- 4603 - Mira v Argus Media et al. Motion for leave to amend appellant's appendix, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023