| |
|---|
| **Rijos v New York City Tr. Auth.** |
| 2024 NY Slip Op 34467(U) |
| December 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153112/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                      PART                    21

                                                   *Justice*

-------------------------------------------------------------------------------X

MIGUEL RIJOS,

                        Plaintiff,

                 - v -

NEW YORK CITY TRANSIT AUTHORITY,

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153112/2024 |
| MOTION DATE | 12/19/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1, 7-19, 21

were read on this motion to/for            DISMISS            .

      On April 4, 2024, plaintiff commenced this action, alleging that, on February 16, 2022, he was struck by a westbound 7 train at the 42nd Street Bryant Park subway station (*see* NYSCEF Doc. No. 1 [complaint ¶¶ 18-19]).  Defendant now moves to dismiss the action as time-barred by the statute of limitations.  Plaintiff opposes the motion.

## BACKROUND

      Prior to the commencement of this action, plaintiff had commenced a special proceeding on March 2, 2023, for leave to serve a late notice of claim upon the New York City Transit Authority and Metropolitan Transportation Authority, *Rijos v New York City Transit Authority*, Index No. 152047/2023.  By a decision order dated and entered December 6, 2023, Supreme Court granted the petition with respect to the New York City Transit Authority, but denied leave as to the Metropolitan Transportation Authority (*see Rijos v New York City Transit Authority*, Dec. 6, 2023, Dominguez, J., Index No. 152047/2023 [NYSCEF Doc. No. 24]).

      On April 4, 2024, plaintiff commenced this action by e-filing the summons and verified complaint (*see* NYSCEF Doc. No. 1).

      Meanwhile, in the special proceeding, the New York City Transit Authority filed a notice of appeal on December 20, 2023 (*see* NYSCEF Doc. No. 26 in *Rijos v New York City Transit Authority*, Index No. 152047/2023).  By a decision entered May 7, 2024, the Appellate Division, First Department affirmed the decision of the court below (*Matter of Rijos v New York City Tr. Auth.*, 227 AD3d 452 [1st Dept 2023]).

**153112/2024   RIJOS, MIGUEL vs. NEW YORK CITY TRANSIT AUTHORITY**                      **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

## DISCUSSION

"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired.  In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff"  (*Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008] [citations omitted]; *Matter of Estate of Baird*, 58 AD3d 958, 959 [3d Dept 2009]; *see Brignoli v Balch, Hardy & Scheinman*, 178 AD2d 290, 290 [1st Dept 1991] ["The defendant bears the burden of proof on an affirmative defense"]).

Here, defendant has met its prima facie burden that the action is time-barred.

As defendant correctly points out, except for an action for wrongful death, the statute of limitations for an action against the New York City Transit Authority is one year and 90 days (*see* Public Authorities Law §§ 1212 [2]; *see also* CPLR 217-a).

However, defendant overlooks that the complaint must contain an allegation that "at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority . . . , and that the authority has neglected or refused to make an adjustment or payment thereof" (Public Authorities Law §§ 1212 [1]).  Thus, "it has been held that the effect of such a statute is to extend the general period of limitation by an additional 30 days" (*Barchet v New York City Tr. Auth.*, 20 NY2d 1, 5 [1967]; *see Serravillo v New York City Tr.  Auth.*, 42 NY2d 918[1977] [statute of limitations tolled for duration of 30 day extension]; *Burgess v Long Is. R.R. Auth.*, 79 NY2d 777, 778 [1991]["This 'stay' of 30 days is not counted as part of the limitations period"]).

Thus, the statute of limitations is, in effect, one year and 120 days.

At the time that plaintiff commenced the special proceeding for leave to serve a late notice of claim, one year and 14 days had passed since the date of the incident on February 16, 2022.  Thus, plaintiff had 106 days left to commence an action against defendant arising out of the incident (i.e., 1 year and 120 days – 1 year and 14 days = 106 days).

As defendant acknowledges, the statute of limitations is tolled "from the time the plaintiff commenced the proceeding to obtain leave of the court to file a late notice of claim until . . . the date upon which [the order] was to take effect" (*Barchet v New York City Tr. Auth.*, 20 NY2d 1, 6 [1967]). "[A]n order becomes operative from the time of its filing" (*Wilcox v National Shoe & Leather Bank*, 67 App Div 466, 469 [1st Dept 1902]).

Thus, on December 6, 2023, when the decision and order granting the petition for leave to serve a late notice of claim was entered, the statute of limitations began to run again. One hundred and six days from December 6, 2023 fell on March 21, 2024. Because this action was commenced on April 4, 2024, defendant has met its prima facie burden that the action was untimely.

In opposition, plaintiff argues that the action should not be dismissed because the notice of claim had been served within the statute of limitations period (affirmation of plaintiff's counsel in opposition ¶ 24 [NYSCEF Doc. No. 18]). Next, plaintiff contends that the statute of limitations was tolled during the pendency of the appeal of the decision that had granted the petition for leave to serve a late notice of claim (*id.* ¶¶ 25-33). Lastly, plaintiff argues that the complaint should relate back to the petition for leave to serve a late notice of claim pursuant to CPLR 203 (f), and that the action was timely commenced pursuant to CPLR 205 (a) (*id.* ¶¶ 34-41).

Plaintiff's arguments are without merit.

Plaintiff cites no authority for the proposition that the statute of limitations continues to be tolled through the pendency of any appeals of the decision which granted leave to serve a late of notice of claim.[1]

In *Barchet v New York City Transit Authority* (20 NY2d 1 [1967]), the Court of Appeals held that, pursuant to CPLR 204, the statute of limitations is tolled from the time a special proceeding for leave to serve a late notice of claim is commenced until the order granting that relief is to take effect (*id.* at 6). The Court reasoned that, because the plaintiff's right to commence an action was no longer solely within her control, but was dependent upon obtaining leave of the court, plaintiff was prevented by a legally recognized disability from filing the notice of claim (*id.* at 7).

Here, because the petition for leave to serve a late notice of claim had been granted as to the New York City Transit Authority, there was no legal impediment which would have prevented plaintiff from commencing an action for personal injuries against it once Supreme Court had granted plaintiff leave to serve a late notice of claim. That is, plaintiff did not need to await the outcome of the appeal before commencing the action. Plaintiff could have commenced an action while the appeal was pending, and had the decision been reversed on appeal, defendant then could have moved to dismiss the personal injury action on the ground that no timely notice of claim had ever been served.

Plaintiff's reliance upon CPLR 5519 (a) (1) is misplaced. The filing of the notice of appeal in the special proceeding triggered an automatic stay under Public Authorities Law § 1212-a (3), which is akin to CPLR 5519 (a) (1). However, "the scope of the automatic stay of CPLR 5519 (a) is restricted to the executory directions of the judgment or order appealed from which command a person to do an act, and that the

---

[1] Although the petition was denied as to the Metropolitan Transportation Authority, plaintiff did not appeal that determination.

**153112/2024  RIJOS, MIGUEL vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  001**

Page 3 of 4

3 of 4

stay does not extend to matters which are not commanded but which are the sequelae of granting or denying relief" (*Matter of Pokoik v Dept. of Health Servs. of County of Suffolk*, 220 AD2d 13, 15 [2d Dept 1996]).  Thus, CPLR 5519 (a) (1) did not stay the restarting of the statute of limitations upon Supreme Court's determination of the petition for leave to serve a late notice of claim, which is the sequela of the relief granted (*see Dublanica v Rome Hosp./Murphy Mem. Hosp.*, 126 AD2d 977, 977 [4th Dept 1987] ["no additional stay was effected by reason of the appeal by the municipal corporation from the order of Special Term"]).

Plaintiff's reliance upon the timeliness of the commencement of the special proceeding for leave to serve a late notice of claim is misplaced.  Such a special proceeding seeks relief that is fundamentally different from a plenary action seeking damages for personal injuries.  Because the complaint filed in the plenary action is not an amended pleading of the petition filed in the special proceeding, the complaint cannot relate back to the petition pursuant CPLR 203 (f).

CPLR 205 (a) does not apply.  "Under the tolling provision of CPLR 205(a), a plaintiff may file a new action after a nonmerits dismissal even if the original statute of limitations has expired, but must do so within six months of the dismissal" (*Mira v Media*, 222 AD3d 528, 529 [1st Dept 2023]).  Here, there was no dismissal of the petition for leave to serve a late notice of claim; the petition was granted in part as to the New York City Transit Authority and denied as to the Metropolitan Transportation Authority on the merits.

## CONCLUSION

It is hereby **ORDERED** that defendant's motion to dismiss the complaint as time-barred is **GRANTED**, the complaint is dismissed with costs and disbursements to defendant as taxed by the Clerk upon submission of an appropriate bill of costs, and the Clerk is directed to enter judgment in defendant's favor accordingly.

20241223132740RTSAIED393AFE0A1349C78F4D872848374536

_____
**12/23/2024**
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153112/2024   RIJOS, MIGUEL vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]