Schwartz v City of New York (2025 NY Slip Op 50870(U))

[*1]

Schwartz v City of New York

2025 NY Slip Op 50870(U)

Decided on May 9, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 9, 2025
Supreme Court, New York County

Jacob Schwartz, Plaintiff,

against
City of New York, Defendant.

Index No. 157793/2023

Advocates for Justice, Chartered Attorneys, New York, NY (Arthur Z. Schwartz of counsel), for plaintiff.
Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, New York, NY (Austin Hee and Bruce Rosenbaum of counsel), for defendant.

Gerald Lebovits, J.

Plaintiff, Jacob Schwartz, was formerly employed by defendant, the City of New York; he was fired from his job in 2017 after being arrested on criminal charges. Plaintiff alleges that at the time he was fired, he had accumulated approximately $19,000 worth of unused compensatory and annual leave time. Plaintiff further alleges that he had been promised by his supervisors while accumulating that leave time that he would be able to do so indefinitely and cash it out at the end of his employment; but that defendant refused to pay him the cash value of his leave time after he was fired.
Plaintiff initially pursued his claims for the value of his accrued leave in an action in federal court brought in June 2019. In that action, plaintiff asserted causes of action under the federal Fair Labor Standards Act and under New York law. (See Schwartz v City of New York, Dkt No. 19-cv-05204, [SD NY].) Plaintiff's federal claims were ultimately dismissed in December 2022. (See Schwartz v City of New York, 2022 WL 17411286 [2d Cir. Dec. 5, 2022].) The district court then declined to exercise supplemental jurisdiction over plaintiff's state-law claims, and dismissed them without prejudice in February 2023.
In August 2023, plaintiff brought this action, asserting claims under the Due Process Clause of the State Constitution and New York City Administrative Code § 12-108; and common-law claims in contract and unjust enrichment. Defendant now moves to dismiss those claims as time-barred under CPLR 3211 (a) (5) and for failure to state a cause of action under CPLR 3211 (a) (7). The motion to dismiss is granted.
DISCUSSION
Defendant argues that plaintiff's claims are subject to dismissal as untimely because those claims were not timely commenced and are not entitled to the benefit of the recommencement toll of CPLR 205 (a). This court agrees.
I. Whether Plaintiff Commenced this Action After the Statute of Limitations Expired
Plaintiff alleges that defendant fired him on May 20, 2017, and that defendant provided plaintiff his last paycheck, omitting a lump-sum cash payment for overtime/comp time, on June 2, 2017. (See NYSCEF No. 13 at ¶¶ 13-15 [amended complaint].) This action was commenced on August 7, 2023. (See NYSCEF Nos. 1-2 [summons and complaint].) Plaintiff does not contend that any of his claims is subject to a limitations period longer than six years. (See NYSCEF No. 23 at 12.) Thus, if plaintiff's claims accrued upon his firing or upon his receipt of his post-termination paycheck, those claims are outside the statute of limitations—at least absent application of a toll.[FN1]
The court concludes that plaintiff's claims accrued, at the latest, upon his receipt of the post-termination paycheck on June 2, 2017.
With respect to plaintiff's claims sounding in contract and unjust enrichment, he is alleging that he is entitled to a specific payment for the work he performed—i.e., a lump-sum payment of his accrued overtime/comp time—to be paid upon the end of his employment. Contract claims generally accrue at the time of breach. (See Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993].) A cause of action claiming entitlement to a specific contractual payment "accrues when the party making the claim possesses a legal right to demand payment," whether or not the party demands payment at that time. (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770-771 [2012] [collecting cases] [internal quotation marks and alteration omitted].) And a claim "for unjust enrichment accrues upon the occurrence of the alleged wrongful act giving rise to restitution." (Kaufman v Cohen, 307 AD2d 113, 127 [1st Dept 2003].)
On plaintiff's contract/quasi-contract theory in this case, defendant breached no later than June 2, 2017, when it did not include the cash value of accrued overtime/comp time in plaintiff's last paycheck. At that point plaintiff had the right to demand that defendant pay him that sum. And that was the time when, as alleged, defendant wrongfully retained the value of plaintiff's work for which he was entitled to overtime/comp time, rather than compensate him for that work. Plaintiff's claims for breach-of-contract and unjust enrichment thus accrued in June 2017.
Plaintiff's claims under article 1, § 6, of the New York State Constitution and New York City Administrative Code § 12-108 in substance seek damages for defendant's failure to pay compensation as required by law. These claims therefore sound in tort. (See Melia v City of Buffalo, 306 AD3d 935, 935 [4th Dept 2003]; Phelps Steel, Inc. v City of Glens Falls, 89 AD2d [*2]652, 652 [3d Dept 1982]; accord 423 S. Salina St., Inc. v City of Syracuse, 68 NY2d 474, 489 n 5 [1986].) Tort claims accrue "when all elements of the tort can be truthfully alleged in a complaint." (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993].) When damage is an element of the tort being sued on, the claim becomes enforceable when "damages are sustained." (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140 [2009] [internal quotations marks omitted].) Here, that occurred when defendant did not include an overtime/comp time payment in plaintiff's last paycheck in June 2017.[FN2]

Plaintiff contends that his claims accrued instead in 2019. To support this later accrual date, plaintiff relies on allegations in his amended complaint that at an unspecified date after his termination, the head of human resources for his department promised him that he would be paid; and that "[d]espite a number of calls by Plaintiff to [her] between June 2, 2017, and June 2019," she never told him definitively "that payment was being withheld." (See NYSCEF No. 13 at ¶ 17; NYSCEF No. 23 at 12-13 [citing these allegations].) Plaintiff provides no authority, however, for the proposition that this oral promise to pay—made without accompanying partial payment—could delay the accrual date of the claim. (Cf. Lew Morris Demolition Co. v Board of Educ. of City of NY, 40 NY2d 516, 520-521 [1976] [explaining that the statute of limitations on a claim for payment on an obligation may be restarted by a signed written promise to pay or, in appropriate circumstances, by partial payment].) Plaintiff's ensuing calls seeking payment did not delay accrual, either. (See Gad v Almod Diamonds Ltd., 147 AD3d 417, 418 [1st Dept 2017].) Further, as defendant points out (see NYSCEF No. 36 at 12-13), plaintiff's complaint does not include allegations that might explain an accrual date in "Fall 2019" (NYSCEF No. 23 at 12), other than the commencement of plaintiff's federal action.[FN3]

II. Whether CPLR 205's Six-Month Recommencement Toll Applies
Given a June 2017 accrual date, plaintiff's claims are untimely—unless the CPLR 205 recommencement toll applies. Defendant argues that the toll does not apply. According to defendant, plaintiff did not satisfy the statutory requirements for its applicability. (See NYSCEF No. 19 at 4-5.) This court agrees.
CPLR 205 provides that, with some specified exceptions, a timely and properly commenced action that is later dismissed can be recommenced "within six months after the termination[,] provided that . . . service upon defendant is effected within such six-month period."[FN4]
(CPLR 205 [a].)
It is undisputed that plaintiff's federal action was timely. The docket of the federal action, [*3]of which this court may take judicial notice,[FN5]
reflects that the state-law claims in that action were dismissed without prejudice, terminating the action, on February 7, 2023.[FN6]
(See Schwartz, Dkt No. 19-cv-05204, ECF No. 117 [SD NY Feb. 7, 2023].) Plaintiff commenced this action exactly six months later, on August 7, 2023. (See NYSCEF Nos. 1-2 [summons and complaint].) But plaintiff did not effect service (by delivery to the Corporation Counsel) until 10 days later, on August 17. (See NYSCEF No. 4 [affidavit of service].) Because service was not effected within six months of termination, plaintiff's action is untimely under CPLR 205 (a).
In opposing dismissal on this ground, plaintiff contends, relying on the Court of Appeals's decision in Leader v Maroney, Ponzini & Spencer (97 NY2d 95 [2001]), that service may "be excused in a § 205(a) action . . . in the interest of justice." (NYSCEF No. 23 at 11.) Leader, however, was decided in the context of CPLR 306-b. That statute expressly provides that a plaintiff's time to serve may be extended "upon good cause shown or in the interest of justice." (97 NY2d at 101, quoting CPLR 306-b.) CPLR 205 does not contain any comparable language; and the Appellate Division, First Department, has held that the filing and service requirements of CPLR 205 (a) apply whether or not the plaintiff has received an extension of time to serve for CPLR 306-b purposes. (See Mira v Argus Media, 222 AD3d 528, 530 [1st Dept 2023].)
Plaintiff provides no appellate authority that an interests-of-justice exception should nonetheless be implied into CPLR 205.[FN7]
To the contrary, the Appellate Division has repeatedly held actions subject to dismissal as untimely for purposes of CPLR 205 (a) or CPLR 205-a based on delays in effecting service shorter than the one in this case.[FN8]
(See Deutsche Bank Natl. Trust [*4]Co. v Zak, 235 AD3d 839, 843 [2d Dept 2025] [two days]; Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625 [2d Dept 2024] [six days]; Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967, 969 [2d Dept 2024] [five days]; U.S. Bank N.A. v Farrell, 200 AD3d 1707, 1708 [2d Dept 2021] [four days].) No basis exists in these circumstances to extend retroactively plaintiff's time to serve defendant for purposes of CPLR 205 (a). CPLR 205's recommencement toll does not apply. Plaintiff's claims are therefore time-barred.[FN9]

Accordingly, it is
ORDERED that the branch of defendant's motion seeking dismissal of plaintiff's complaint under CPLR 3211 (a) (5) is granted, and the complaint is dismissed, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that defendant shall serve a copy of this order with notice of its entry on plaintiff and on the office of the County Clerk (using the NYSCEF filing event "Notice to the County Clerk - CPLR § 8019 (c)"), which shall enter judgment accordingly.
DATE 5/9/2025

Footnotes

Footnote 1:Plaintiff's contention that he is entitled to the benefit of CPLR 205's six-month recommencement toll is discussed further below.

Footnote 2:Plaintiff asserts in conclusory terms that his constitutional and statutory claims do not sound in tort for limitations purposes. (See NYSCEF No. 23 at 13.) But plaintiff does not explain how this asserted distinction would affect the accrual date of those claims.

Footnote 3:Plaintiff's contention now that his claims accrued in 2019 is also in tension with his having served a notice of claim on defendant in December 2018. (See NYSCEF No. 18 at 3.)

Footnote 4:Recommencement under CPLR 205 (a) is not available if the action was terminated "by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits." It is undisputed that these exceptions are inapplicable here.

Footnote 5:See RGH Liquidating Trust v Deloitte & Touche LLP, 71 AD3d 198, 207 (1st Dept 2009), revd on other grounds 17 NY3d 397 (2011) (collecting cases).

Footnote 6:Plaintiff's amended complaint alleges instead that the dismissal occurred on March 7, 2023. (See NYSCEF No. 13 at ¶ 37.) This date, which has no basis that this court can discern in the records of the federal action, appears simply to be an error. Plaintiff's papers on this motion do not rely on the March 7, 2023, date. Nor do they propose any termination date other than the February 7, 2023, date relied on above.

Footnote 7:The only case plaintiff cites for this proposition—which is also the only case uncovered by the court's own research—is a 20-year-old trial-court decision. (See Marinelli v Sroka, 8 Misc 3d 863, 866-867 [Sup Ct, Nassau County 2005].) And that decision relies, without much analysis, on Leader, without accounting for the textual differences between CPLR 205 (a) and CPLR 306-b. This court respectfully declines to follow the Marinelli holding.

Footnote 8:CPLR 205-a provides a six-month window for recommencing mortgage-foreclosure actions terminated on grounds other than those specified in the statute. (See CPLR 205-a [a].) Unlike CPLR 205 (a), CPLR 205-a (a) requires that the action be recommenced, and service completed (not merely effected), within six months of termination. (See Best Global Alternative, Ltd. v American Stor. & Transp., Inc., 68 Misc 3d 479, 482-483 [Sup Ct, Nassau County 2020] [distinguishing between "effecting" and "completing" service].) But the two statutes otherwise operate in the same manner.

Footnote 9:Given this conclusion, the court does not reach defendant's alternative arguments for dismissal under CPLR 3211 (a) (7).