U.S. Bank N.A. v Chait
2026 NY Slip Op 03129
May 19, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., Respondent,
v
Mindy N. Chait, Appellant, Joshua Kirschenbaum et al., Defendants.

Decided and Entered: May 19, 2026
Index No. 850196/22|Appeal No. 6661|Case No. 2025-02980|
Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for appellant.
David A. Gallo & Associates LLP, Manhasset (Robert M. Link of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about February 14, 2025, which denied defendant Mindy N. Chait's motion to dismiss the complaint pursuant to CPLR 3211(a)(5), unanimously reversed, on the law, without costs, and the matter remanded for a traverse hearing to determine whether defendant was properly served in October 2022.
This is a foreclosure action involving strict deadlines for commencing and terminating an action under CPLR 205-a. On February 7, 2007, defendant delivered to plaintiff's predecessor-in-interest, nonparty GFI Mortgage Bankers, Inc. (GFI) a note for $602,000 and a mortgage securing 400 Central Park West, Apt. 6K in Manhattan (the premises). On February 22, 2007, nonparty GFI assigned the mortgage to nonparty CitiMortgage, Inc. On May 22, 2012, CitiMortgage, Inc. accelerated the loan and brought a foreclosure action against defendant. The 2012 action was subsequently abandoned (see U.S. Bank N.A. v Chait, 178 AD3d 448 [1st Dept 2019]). On September 16, 2013, CitiMortgage, Inc. assigned the mortgage to plaintiff.
On February 12, 2015, plaintiff brought a second foreclosure action against defendant on the same mortgage. On September 26, 2022, the motion court dismissed the 2015 action for failure to comply with RPAPL 1304.
On October 5, 2022, plaintiff commenced a third foreclosure action, which is at issue in this appeal. On October 11, 2022, plaintiff purported to effectuate substitute service pursuant to CPLR 308[2] on a person identified as "Michael Doe" at the premises. Defendant then moved to dismiss the complaint for failure to serve process on her. On January 5, 2024, the motion court set the matter down for a traverse hearing. However, the process server died before the traverse hearing could take place. On September 19, 2024, at plaintiff's request, the motion court cancelled the traverse hearing and granted plaintiff an additional 120 days to effectuate service under CPLR 306-b. On September 23, 2024, plaintiff served defendant with the complaint.
Plaintiff argues that the motion court properly exercised its discretion under CPLR 306-b to extend plaintiff's time to serve the summons and complaint by 120 days. However, the court did not have discretion to extend the time for plaintiff to serve defendant beyond CPLR 205-a's six-month service period (see Mira v Argus Media, 222 AD3d 528, 529 [1st Dept 2023], appeal dismissed 42 NY3d 942 [2024]; Pyne v 20 E. 35 Owners Corp., 267 AD2d 168, 169 [1st Dept 1999]; see also Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967, 969 [2d Dept 2024]). Here, plaintiff's deadline under CPLR 205-a to serve defendant was six months from September 26, 2022, the date the second foreclosure action was dismissed. Thus, plaintiff's service on defendant on September 23, 2024 was untimely.
[*2]
Gazes v Bennett (70 AD3d 579 [1st Dept 2020]), on which plaintiff relies, is unavailing because it did not address CPLR 306-b, but rather dealt with a technical defect in service, not, as here, an alleged failure to serve defendant at her actual place of residence. Wilmington Sav. Fund Socy., FSB v Milne (234 AD3d 512 [1st Dept 2025]), is also distinguishable as in that case there was no dispute that the plaintiff complied with CPLR 205-a.
Nevertheless, there is an issue regarding whether plaintiff complied with CPLR 205-a and CPLR 308(2) when it initially attempted to serve defendant in October 2022, but the record is insufficient to resolve this issue. Accordingly, this matter is remanded for a traverse hearing to address whether defendant was properly served at that time and, if so, whether the other requirements of CPLR 205-a were satisfied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2026